John B. PEARSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 10517.

Court of Civil Appeals of Texas.

Austin.

Nov. 6, 1957.

Rehearing Denied Nov. 27, 1957.

Tisinger & Sloan, Austin, for appellant.

Will Wilson, Atty.Gen., James H. Rogers, Asst. Atty. Gen., Robert L. Burns, Houston, of counsel, for appellee.

ARCHER, Chief Justice.

This is an action in eminent domain brought in the name of the State acting by the State Building Commission to acquire land owned by appellant, and occu-

pied under a lease agreement by the Texas Good Roads Association.

■ Appellee filed statements in condemnation signed by Robert L. Burns, an attorney employed by the Building Commission, with the County Judge, who appointed three Special Commissioners in condemnation, and who fixed December 4, 1956, for a hearing. The appellant appeared at such hearing and waived notice. Notice was not served on the Texas Good Roads Association, but at a subsequent date the State acquired the leasehold interest of the Association.

A hearing was had and evidence heard and on December 6, the Commissioners filed their award with the Judge of the County Court and awarded appellant and the Association the sum of $41,600.

Appellant did not file objections to the award with the County Judge within ten days as required by Article 3266, Vernon's Ann.Civ.St., but on December 18, 1956, filed objections.

On the 19th or 20th of December, 1956, counsel for appellant went to the office of the County Clerk for the purpose of withdrawing the money deposited by the State, but upon being advised by a deputy county clerk that the money could be disbursed only by joint check to appellant and the Association declined to accept such check.

On December 20, 1956, Robert L. Burns filed a statement of deposit that the entire award belonged to appellant. The appellant declined to withdraw the funds thereafter.

On March 20, 1957, Robert L. Burns, acting as attorney, filed a motion to record the award and to make it the judgment of the Court. Appellant filed an answer to the motion and by cross motion to strike the award and abate the suit.

A hearing was held by the County Court on both of the above motions on March 22, 1957, and a judgment was entered on April 3, 1957.

The appeal is before this Court on four assignments of error and are to the effect that the Court had no jurisdiction of the matter because Robert L. Burns was not a person authorized to bring and prosecute the action in the name of the State; that since no notice was served on the Good Roads Association and no appearance was or would be made the Commissioners did not have jurisdiction to make the award, and the Court erred in ordering the award recorded and made the judgment of the Court, because the judgment was not entered during the term of the Court when the matter was before the Court and the Court was without authority to enter such judgment at a subsequent term.

Appellee has filed its motion to dismiss this appeal for want of jurisdiction, because appellant did not file objections to the award with the County Judge within ten days as required by Article 3266, V.A. C.S.

The action of the County Judge on April 3, 1957 in recording the award in the minutes and making the same the judgment of the Court was only in performance of the ministerial duty provided by law.

We believe appellee's motion to dismiss should be sustained.

Section 6, Article 3266, V.A.C.S., provides:

"If either party be dissatisfied with the decision, such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court."

Section 7 of said Article provides:

"If no objections to the decision are filed within ten (10) days, the County Judge shall cause said decision to be recorded in the minutes of the County

Court, and shall make the same the judgment of the court and issue the necessary process to enforce the same."

 A condemnation proceeding is not converted into a civil case until objection to the award is duly filed with the County Judge.

Sinclair v. City of Dallas, Tex.Civ.App., 44 S.W.2d 465, er. ref.; Lewis v. Texas Power & Light Co., Tex.Civ.App., 276 S.W.2d 950, er. ref., N.R.E., and cases cited therein.

 The County Court does not acquire jurisdiction unless objection is timely filed.

Hardy v. City of Throckmorton, Tex.Civ. App., 62 S.W.2d 1104, no writ history, and the cases cited therein; City of El Paso v. Ward, Tex.Civ.App., 213 S.W.2d 726, no writ history, citing many cases.

Our Supreme Court in Nalle v. City of Austin, 101 Tex. 48, 104 S.W. 1050, 1053, held that a proceeding similar to condemnation proceedings was not a civil case and that

"The mere fact that the county judge is selected as the authority to act in forwarding the assessment proceeding does not make his action that of the court, for he may be empowered by law to do many things which cannot be regarded as in any sense the action of the court."

City of Bryan v. Moehlman, Tex., 282 S.W.2d 687.

If appellant had timely filed objections these complaints could have been presented to the County Court and a jury trial had if demanded.

The proceeding was not before the County Judge as a civil case, his authority was limited to entering the award of the Commissioners in the minutes of the Court,

and the Judge was without authority to make a decision on the issue of fact and the law as presented.

The Motion to Dismiss is sustained and the appeal is dismissed.