HUNTSVILLE INDEPENDENT SCHOOL DISTRICT et al., Appellants and Cross-Appellees,

v.

Frank SCOTT et al., Appellees and Cross-Appellants.

No. 651.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 21, 1972.

Rehearing Denied July 12, 1972.

**346**

W. T. Bennett, Kenneth H. Keeling, Jack Haney, Huntsville, for appellants.

M. Jack Tabor, Tabor & Ray, Houston, for appellees.

BARRON, Justice.

This suit was filed by Huntsville Independent School District and its named trustees against Frank Scott, owner, and Laura R. Lively and Mary R. Saenger, holders of valid liens on the property involved, in eminent domain for condemnation of a tract of land in the City of Huntsville. Trial was had in County Court of Walker County, Texas, and the jury returned a verdict fixing the value of the land in question at $86,730.00, with which plaintiff condemnors were dissatisfied. Before judgment was rendered, the day after return of the verdict, on February 10, 1972, condemnors filed a motion of dissatisfaction and stated that they desired to dismiss the proceeding, but they advised the court that they desired to refile the cause within a reasonable time. The trial court required formal notice to defendant Scott, but upon default originally by the lienholders, dismissed them from the suit. After a hearing on February 25, 1972, the trial court ordered the cause of action dismissed as requested by plaintiffs, but refused and prohibited plaintiffs or their successors from refiling any condemnation action involving the property at issue in this suit so long as the same is owned in fee by defendant, Frank Scott, his heirs or legal representatives. Permanent order of possession was awarded defendant against plaintiff-condemnors. Judgment in the sum of $6,355.00 was awarded in favor of Frank Scott for all costs, fees and expenses paid and incurred and to be paid in defending his property rights in this cause.

Scott excepted to that portion of the order wherein the trial court denied the defendant $23,167.69 as compensation for all costs, fees and expenses paid and incurred in defending the suit and awarding defendants *only* $6,355.00. Condemnors excepted to that portion of the order which denied condemnors the right to refile their suit and to fix a reasonable time for refiling, and also insofar as the court awarded Scott the sum of $6,355.00.

Plaintiff-condemnors have perfected an appeal from the judgment below on grounds that the trial court was without power to prohibit appellants from refiling their cause of action and to grant Scott a permanent order of possession as above stated; and that the trial court was without power to grant Scott an award of $6,355.00 as above; that there is no evidence to support such award and that the evidence is insufficient to support it. The appellee, Scott, also appealed as "cross-appellant" claiming by appropriate points of error or cross-points that the court erred in refusing to award Scott $23,167.00 in lieu of the $6,355.00 awarded, under the terms of Scott's attorney's fee contract. The parties will be referred to as Huntsville Independent School District, et al., appellants, and Frank Scott, appellee.

At the outset, the attorney's fee contract is not in evidence and is not properly referred to and proven in the statement of facts. However, appellee contends that Scott entered into a contract with his attorneys providing for a contingent percentage of the amount of value assessed by the jury, over and above that amount of money offered to Scott by condemnors, with a provision that should condemnors dismiss their cause of action after the value had been established, counsel would receive an undivided interest in the fee title of the property involved proportionate to the percentage that the dollar amount of the contingent fee bore to the total value estab-

lished upon the property. Such interest is claimed to be an undivided .2514 interest in Scott's property, if the contract actually so provides, and if everything else were completed and in order. The final establishment of value seems to be the key to this contract if the above is true.

■ It seems to be well established in this State that a condemnor may elect to dismiss its condemnation proceedings at any time prior to judgment in the suit. In the present case the jury had returned a verdict on February 9, 1972, and motion for dismissal was filed the next day, February 10, 1972, at which time no judgment had been announced in open court, and no judgment had been entered. In order that the above rule might apply, there must have been no taking of possession of the involved property under and by virtue of acquiring the right to possession under an order in a condemnation proceeding or under an agreement with the condemnee pending the proceedings. City of Houston v. Biggers, 380 S.W.2d 700, 704 (Tex.Civ.App.—Houston 1964, writ ref'd n. r. e.); Rayburn, Texas Law of Condemnation, Sec. 215, p. 568 (1960). And see the many cases cited at p. 704 of the opinion in Biggers. There was no interference with the owner's possession here.

■ While the question of "good faith" was mentioned in the Biggers case (p. 705), we think the condemnor's right to dismiss its suit after verdict and before judgment exists regardless of the amount of the award fixed by a jury or a court when such is the reason given for dismissal. See Leonard v. Small, 28 S.W.2d 826, 828–829 (Tex.Civ.App.—Fort Worth 1930, writ ref'd). And see Tex.Rev.Civ.St.Ann. art. 3265, sec. 6 (1969). A condemnation suit is not an ordinary action. A condemnor may abandon its condemnation suit where the damages are too high in its opinion, unless it has done something which would estop it from such abandonment. See Fort Worth Concrete Company v. State, 400 S.W.2d 314, 316 (Tex.Sup.

1966). Damages found by the jury amount to nothing more than an offer to sell the property to the condemnor for that price, which the condemnor may refuse if it thinks it too high. See Armendaiz v. Ray, 215 S.W.2d 210, 212 (Tex.Civ.App.—San Antonio 1948, no writ), and cases cited.

■ However, in all civil suits the plaintiff may take a non-suit prior to a court's decision or the time the jury begins deliberations. In condemnation cases, the plaintiff-condemnor simply has such right, or the practical equivalent thereof, after verdict and before judgment. Moreover, the court was empowered to grant a new trial if he had chosen to do so. While these rules in a condemnation proceeding may seem unfair, the rules seem to be well established, and public necessity probably requires such rights in favor of the condemnor.

The 61st Legislature in 1969 added sec. 6 to Tex.Rev.Civ.Stat.Ann. art. 3265, effective September 1, 1969, as follows:

"Sec. 6. Where a plaintiff after appeal from an award, or after said proceeding has become a case for trial in court, desires to dismiss, abandon the proceedings, or *refuse the jury verdict* returned by the jury or by a court prior to entry of judgment, said plaintiff shall by motion be heard thereon, and the court hearing the same *may* as part of the terms of granting such motion, make an allowance to the landowner for reimbursement of his *reasonable* attorneys' and appraisers' fees, shown to have been incurred, and reimbursement for all necessary expenses incurred by the filing and hearing of such condemnation case to date of such hearing on said motions; *provided,* however, plaintiff *shall not* be liable for any such fees or expenses *in any case which may be dismissed* upon its motion where such case is *subsequently refiled,* and where the court *is advised by plaintiff* in connection with any such motion that it *intends to refile* such case, a reasonable time for

**348**

such refiling *shall* be allowed. All orders entered hereunder are appealable." (Emphasis added)

 We think Section 6 above means that no attorney's fees, appraisers' fees, costs, etc. are allowed when notice is given to the court of intention to refile the suit, and the refiling actually occurs, the trial court then being required to set a reasonable limit of time for such refiling. It is plain to us that *all* reasonable attorney's fees, costs, etc. are recoverable by a defendant in a final suit by a condemnor when such action as taken by condemnors in this case occurs. In effect, the condemnor has rejected the "offer" of sale of the property at the price fixed by the jury in the present proceeding. While there must be a reasonable limit upon the number of times a condemnor may be entitled to dismissal under these circumstances, so far we see no unnecessary harassment. See University of Texas v. Morris, 344 S. W.2d 426 (Tex.Sup.1961).

Exactly how the above would affect appellee's attorney fee contract we cannot determine at this time, nor need we determine such question here now. The contract is not in evidence.

 For the reasons above discussed, this case is reversed and remanded. The original petition for condemnation was filed with the county judge on February 25, 1971, and notice was served on March 5, 1971. We note that the case was tried in county court, and we point out that in a county such as Walker, where no county court at law exists, the District Court of Walker County now has jurisdiction in condemnation suits. See Tex.Rev.Civ. Stat.Ann. art. 3266a, effective June 9, 1971. The above jurisdictional statute excludes condemnation proceedings pending on June 9, 1971.

 This cause is remanded to the trial court with directions to set aside its present orders complained of and to enter an order allowing the condemnors a reasonable time to refile their action in condemnation, the time to be within the sound discretion of the county court. In the event such action is not refiled in District Court within the time provided by the county court, the county court shall apply Section 6, Tex.Rev.Civ.Stat.Ann. art. 3265, as it deems just and proper under the evidence after another hearing with notice in accordance with this opinion.

Costs are assessed against the parties equally, one-half against condemnors and one-half against Scott.

Reversed and remanded with directions.