**Robert DAY, Judge, County Court at Law No. 4 for Dallas County, Texas, Appellant,**

v.

**Mrs. C. E. WOOTEN and Mrs. Leona Miller Day, Appellees.**

**No. 19025.**

Court of Civil Appeals of Texas, Dallas.

Nov. 18, 1976.

Rehearing Denied Dec. 16, 1976.

Henry Wade, Dist. Atty., William H. Pool, Jr., Asst. Dist. Atty., Dallas, Pete Eckert, City Atty., Garland, Earl Luna, Thomas V. Murto, III, Dallas, for appellant.

Eddie D. Vassallo, Jr., Richard G. Dafoe, McKool, Shoemaker & Vassallo, Dallas, for appellees.

WILLIAMS, Chief Justice.

Judge Robert Day, as Judge of the County Court at Law No. 4 of Dallas County, has perfected his appeal from the issuance of a writ of mandamus by a district court ordering him to enter an award of the special commissioners as the judgment of his court in the absence of objections under the provisions of Tex.Rev.Civ.Stat.Ann. art. 3266(7) (Vernon 1968). Judge Day bases his appeal on the ground that the district court erred as a matter of law when it sustained appellee's motion for summary judgment and issued the writ of mandamus. We agree with his contention. Accordingly, we reverse the district court's judgment and dissolve the writ of mandamus.

On October 29, 1975, the City of Garland, Texas filed a petition for condemnation in County Court at Law No. 4, Dallas County, to acquire an easement of 1.642 acres of land for a street right-of-way and other municipal purposes. On October 24, 1975, the special commissioners appointed by the court filed their decision in the county court at law awarding actual damages to the appellees, Mrs. C. E. Wooten and Mrs. Leona Miller Day, in the amount of $81,200.80. Thereafter, and prior to the time that objections to the award of the commissioners might have been in the county court at law, the City of Garland requested leave to take a nonsuit and Judge Day dismissed the cause, without prejudice, on October 31, 1975. The landowners, Mrs. Wooten and Mrs. Day, filed an application for writ of mandamus in the district court requesting that Judge Day be ordered to reinstate the cause and enter judgment thereon. Judge Day answered the application with a special denial alleging that the landowners were not entitled to have the award entered as judgment since the matter had been dismissed at the request of the condemner. The district court granted the petition of the City of Garland to intervene in the cause. All parties filed motions for summary judgment asserting that there was no

genuine issue as to any material facts. At the hearing on the motions the district court sustained the landowner's motion for summary judgment and issued a writ of mandamus ordering Judge Day to enter the award as the judgment of his court and to issue the necessary processes to enforce the same.

Judge Day's primary contention is that a condemner has the right to dismiss or take a nonsuit in a condemnation proceeding at any time prior to the county judge causing the decision and award of the special commissioners to be recorded in the minutes of the county court, thereby making it the judgment of the court. He argues that the underlying principle enunciated by our supreme court is that an agency may not be required to take land against its will through eminent domain proceedings. *Thompson v. Janes*, 151 Tex. 495, 251 S.W.2d 953, 954 (1952). He contends that this principle of law has been applied by allowing a condemner to abandon a condemnation proceeding by taking a nonsuit even after a jury renders a verdict concerning the amount of damages but before the court enters judgment vesting a right to the condemned property in the condemner. *Leonard v. Small*, 28 S.W.2d 826, 830 (Tex. Civ.App.—Fort Worth 1930, writ ref'd). We agree with Judge Day. The jury verdict in a condemnation proceeding is nothing more than an offer to sell the property for a certain price as found by the jury. If the condemner believes this price to be too high, it may refuse to accept it. *Armendaiz v. Ray*, 215 S.W.2d 210, 212 (Tex.Civ.App.—San Antonio 1948, no writ), citing *Leonard v. Small, supra*. However, our courts have restricted the condemner's right to a nonsuit when it has done something which would create an estoppel. *Huntsville Independent School District v. Scott*, 483 S.W.2d 344, 347 (Tex.Civ.App.—Houston [14th Dist.]), *writ ref'd n. r. e., per curiam*, 487 S.W.2d 692 (Tex.1972). An estoppel exists if the condemner has entered or taken possession of the property by virtue of the condemnation proceedings and cannot restore possession to the landowner. *Brazos River Conservation & Reclamation District*

*v. Allen*, 141 Tex. 208, 171 S.W.2d 842, 845 (1943); and *Lower Nueces River Water Supply District v. Cartwright*, 160 Tex. 239, 328 S.W.2d 752, 757 (1959). In the case before us there is no evidence that the condemner has taken any action which would create an estoppel and which would thereby prevent it from withdrawing its application for condemnation.

Mrs. Wooten and Mrs. Day argue, however, that between the time that the commissioners award had been filed in the county court and objections filed thereto, that the matter is still in an administrative status and has not yet become a lawsuit so that Judge Day could only perform the ministerial duties of entering a judgment based upon the commissioners award. They rely upon *Pearson v. State*, 307 S.W.2d 159 (Tex.Civ.App.—Austin 1957), *affirmed*, 159 Tex. 66, 315 S.W.2d 935 (1958), and *State v. Rayburn*, 352 S.W.2d 357 (Tex.Civ.App.—Texarkana 1961), *writ ref'd n. r. e., per curiam*, 163 Tex. 450, 356 S.W.2d 774 (1962). Both of these cases dealt with a situation where objections to the commissioners award were filed, although not timely. In *Pearson*, the issue before the supreme court was whether an appeal could be taken from a judgment not conforming to the commissioners award when timely objections to the award were not filed by either party. The court reasoned that the judgment entered was not the judgment in a judicial proceeding because no objections were filed thereby vesting subject matter jurisdiction in the court acting in its judicial capacity. Consequently, no appeal could be taken therefrom. In the instant case, we have before us an appeal from a mandamus proceeding rather than an appeal on the merits. However, Mrs. Day and Mrs. Wooten rely upon the opinion in *Pearson* wherein the court stated:

No jurisdiction is conferred upon the court to do anything more than accept and adopt the award as its judgment, and this follows by operation of law and the ministerial act of the county judge. There is nothing which the court, as distinguished from the county judge in his

administrative capacity, can hear and determine by the exercise of its judicial powers.

It must be noted, however, that in making that statement, the court was only concluding that prior to the filing of objections any order entered by the court does not constitute a judgment in a civil case with the right of appeal therefrom.

In *Rayburn*, the sole issue before the court was whether Tex.R.Civ.P. 4 enlarges the time period for filing objections prescribed in Tex.Rev.Civ.Stat.Ann. art. 3266(7) (Vernon 1968). While holding that the time was not enlarged, the court in its opinion stated that there was no dispute as to whether the county judge was under a ministerial duty to record in the minutes and make the commissioners award the judgment of his court in the absence of timely-filed objections. Consequently, in neither of these cases is the issue, which is the subject of this litigation, raised and decided. In the present case, no objections were presented nor filed by either party. Herein we have only a motion for nonsuit which is not addressed by the statute.

■■■ Appellees concede that the filing of objections in a condemnation proceeding converts it into a lawsuit, thereby vesting subject matter jurisdiction and allowing a motion for nonsuit. *Henderson v. Texas Turnpike Authority*, 308 S.W.2d 199 (Tex. Civ.App.—Dallas 1957, writ ref'd). They also concede that in a condemnation proceeding the county judge has administrative jurisdiction until subject matter jurisdiction attaches and may grant a motion for dismissal prior to determination of an award by the special commissioners. *Lower Nueces River Water Supply District v. Cartwright*, 160 Tex. 239, 328 S.W.2d 752, 754 (1959). However, they argue that within the narrow limits of time beginning with the determination and filing of the award by the commissioners and ending with the time period for filing objections that the county judge acting as an administrative officer is bound by statute to enter the award as a judgment unless objections are filed. We believe that to adopt such a proceeding would only put form above substance. In oral argument before this court counsel for appellees admitted that it is their narrow position that immediately prior to the time objections, if any, are filed to the commissioners award that the judge is powerless to grant a nonsuit whereas immediately after the filing of objections the condemner would have a right to request the county judge, acting in a judicial capacity, to dismiss the suit. We find nothing in the condemnation statute which expressly prohibits the judge of the county court from dismissing the matter at anytime while it is in an administrative status.[1]

■■■ The statute is mandatory in that it denies discretion to the county judge to enter judgment in a sum different from the commissioner's award. It does not, however, deny to the condemner its right to move to dismiss the condemnation proceeding nor to the judge the right to grant the motion. We see no practical difference between allowing a dismissal within the disputed time period or requiring that the condemner first file objections thereby vesting subject matter jurisdiction of a lawsuit and then moving for dismissal. Accordingly, we hold that the district judge erred in granting the writ of mandamus in this case. The judgment of that court is reversed and the writ of mandamus issued by the district court is dissolved.

---

1. Tex.Rev.Civ.Stat.Ann. art. 3266(7) (Vernon 1968) states:

   If no objections to the decision are filed within the time prescribed by Subdivision 6 of this Article, the County Judge shall cause said decision to be recorded in the minutes of the County Court, and shall make the same the judgment of the court and issue the necessary process to enforce the same.