Leo and Shirley **RILEY**, Relators,

v.

**CITY OF ABILENE and County Court at Law No. 2, Taylor County, Texas, Respondents.**

No. 11–92–165–CV.

Court of Appeals of Texas, Eastland.

July 16, 1992.

Rehearing Denied Aug. 13, 1992.

Billy W. Boone, Abilene, Kevin H. Dubose, Perdue & Todesco, Houston, for appellant.

Harvey Cargill, Jr., Claudia Clinton, Sara Fauls, City Attorney's Office, Abilene, for appellee.

## OPINION

PER CURIAM.

This is an original proceeding. Leo and Shirley Riley, relators, seek a writ of prohibition directing respondents to "cease and desist from taking or exercising any action" contrary to this court's opinion and judgment in City of Abilene, Texas v. Leo and Shirley Riley, Cause No. 11–90–193–CV.

Originally, the City of Abilene sought to condemn .363 acres belonging to the Rileys. The jury found that the difference in the value of the Riley's property before and after the taking was $133,835. The trial court entered judgment based on the jury's verdict, and the City appealed. This court affirmed the judgment in Cause No. 11–90–193–CV on September 26, 1991, in an unpublished opinion. The Texas Supreme Court denied the City's application for writ of error on March 11, 1992, and overruled the City's motion for rehearing on April 29, 1992.

On May 18, 1992, the City filed a motion to dismiss the condemnation suit. The trial court set the motion to dismiss for a hearing on June 10, 1992. On June 3, 1992, the Rileys filed this prohibition proceeding. This court granted the motion for leave to file petition for writ of prohibition and issued an order abating the hearing on the motion to dismiss. See TEX.R.APP.P. 121(d).

The Rileys seek to prevent not only the dismissal of the underlying condemnation suit but also any other action contrary to the September 26, 1991, opinion and judgment of this court. The City argues that it has the right to elect between condemning the property and paying the Rileys or dismissing the condemnation, and the City argues that it can make this election any time prior to the issuance of mandate by this court in Cause No. 11–90–193–CV.

■ It is well settled in Texas that a condemnor may dismiss its condemnation proceedings prior to the entry of the trial court's judgment. *Day v. Wooten*, 545 S.W.2d 16 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.); *Huntsville Independent School District v. Scott*, 483 S.W.2d 344 (Tex.Civ.App.—Houston [14th Dist.]), *writ ref'd n.r.e.*, 487 S.W.2d 692 (Tex.1972); *City of Houston v. Biggers*, 380 S.W.2d 700 (Tex.Civ.App.—Houston 1964, writ ref'd n.r.e.), *cert. den.'d*, 380 U.S. 962, 85 S.Ct. 1105, 14 L.Ed.2d 153 (1965); *Leonard v. Small*, 28 S.W.2d 826 (Tex.Civ.App.—Fort Worth 1930, writ ref'd). However, the condemnor's right to dismiss prior to judgment is restricted when the condemnor has done something which creates an estoppel, such as taking possession of the property. *Day v. Wooten*, supra; *City of Rockwall v. Mitchell*, 497 S.W.2d 378 (Tex.Civ.App.—Waco 1973, writ ref'd n.r.e.); *City of Houston v. Biggers*, supra; *Thompson v. Janes*, 245 S.W.2d 718 (Tex.Civ.App.—Austin), *aff'd;* 151 Tex. 495, 251 S.W.2d 953 (1952).

■ The City argues that, because TEX. PROP.CODE ANN. § 21.019 (Vernon 1984 & Supp.1992) does not state a time frame for dismissing a case, a condemnor may dismiss at any time prior to the issuance of mandate by the appellate court. We disagree.

The City has cited no Texas authority to support its position that a condemnor can dismiss a condemnation suit after judgment has been entered and has been affirmed by the Court of Appeals and after application for writ of error has been denied by the Texas Supreme Court. We hold that the City can not, at this time, move to dismiss

the underlying suit pursuant to Section 21.-019.

The writ of prohibition is granted. Respondents shall not take any action which is inconsistent with this court's opinion, judgment, and mandate in Cause No. 11-90–193–CV.