**FREDERICKSBURG HOSPITAL & CLINIC v. SPRINGALL et ux.**

**No. 11978.**

Court of Civil Appeals of Texas.
San Antonio.

May 18, 1949.

Brewer, Matthews, Nowlin & Macfarlane, and Clinton G. Brown, San Antonio, Alfred Petsch, Fredericksburg, for appellant.

William E. Remy, San Antonio, for appellees.

.PER CURIAM.

This is an original application for mandamus to compel the Honorable Thomas ·C. Ferguson, as District Judge of the 33d Judicial District of Texas, to set aside his order declaring a mistrial in Cause No. 2811 in the District Court of Gillespie County, styled H. S. Springall et ux. v. Fredericksburg Hospital and Clinic, and to require Judge Ferguson to enter a judgment upon the verdict of the jury in favor ·of defendant.

Trial was had in the above styled and numbered cause, and on January 13, 1949, the jury rendered its verdict consisting of its answers to the twelve special issues ·submitted to the jury. There was a motion for judgment on the part of the plaintiffs, .and a motion for judgment on the part of the defendant, both of which motions were overruled by the court and a mistrial ·declared because of an alleged irreconcilable conflict in the jury's answers to the special issues propounded. The trial judge in his order declaring a mistrial made it clear that he was making this order solely because of what he considered a conflict in the jury's answers to the special issues submitted.

The jury, by its answer to special issue No. One, found that the floor in the reception room of the defendant's annex building was slick and slippery on the occasion in question, at the point where the plaintiff, Mrs. Springall, slipped and fell down. By their answer to special issue No. Two the jury found that the defendant caused such slick and slippery condition to exist at the time of the accident. By their answer to special issue No. Three the jury found that the defendant was negligent in causing said slick and slippery condition to exist. But by their answer to special issue No. Four the jury found that such negligence was not a proximate cause of Mrs. Springall's fall. By their answer to special issue No. Five the jury found that plaintiff's fall was not an unavoidable accident, and by their answers to issues Nos. Six and Eight, that Mrs. Springall was not guilty of contributory negligence.

The specific conflict here contended for is between the answers of the jury to special issues No. Four and No. Five. In other words, if the fall was not an unavoidable accident, then it must have been caused by the negligence of the hospital in maintaining the floor in a slick and slippery condition, or if the negligence of the hospital in maintaining the floor in a slick and slippery condition was not the cause of the fall, then, necessarily, the fall was an unavoidable accident. The contention is that the jury's answers to these two issues are in hopeless and irreconcilable conflict.

We cannot sustain this contention. It is true that the jury found that Mrs. Springall was not guilty of contributory negligence in any respect, and also that the fall was not an unavoidable accident, but this does not necessarily mean that the negligence of the hospital in maintaining the floor in a slick and slippery condition was the *proximate* cause of the fall.

The negligence of the hospital may have been the direct cause of the fall, and at the same time not the *proximate* cause of the fall. Before a cause can be the proximate cause of an event it must, among other things, have been reasonably foreseen by the defendant that the accident or some similar accident would result from such negligence. Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60.

Where a mistrial is requested on the ground that there is a conflict between the various answers of the jury to the special issues submitted, it is the duty of the Court, if possible, to reconcile such answers and to so construe the answers of the jury, if it can be done without violence to the rules of construction, as to avoid the conflict. 41 Tex.Jur. p. 1224, Sec. 360. Here the apparent conflict can be very easily reconciled by giving to the jury's answer to special issue No. Four the interpretation that while they believed Mrs. Springall's fall was caused by the slick and slippery condition of the floor, that it could not have been reasonably foreseen that such a fall, or some similar accident, would occur by reason of the fact that the hospital maintained the floor in such slick and slippery condition. When this meaning is given to the jury's answer to special issue No. Four, then it is not at all in conflict with the jury's finding that the fall was not an unavoidable accident.

Appellees rely primarily upon Bishkin v. Campbell, 107 S.W.2d 919, but we are of the opinion that that cause is distinguishable from the case at bar in that in the Bishkin case the unavoidable accident was defined as the unforeseen and unanticipated happening of an event occurring without either the plaintiff or the driver of the defendant's truck being guilty of negligence in the doing or permitting to be done or omitting to do anything that *proximately* caused the collision. While in the present case the jury was instructed that an unavoidable accident is an accident not caused by the negligence of either party to the suit. The jury could well have been of the opinion that the accident was caused by the negligence of the hospital, but, at the same time, have been of the opinion that such negligence was not the *proximate* cause of the accident.

We are not here called upon to pass upon the sufficiency of the evidence to sustain the jury's answers to any of the special issues, such questions are properly raised in a motion for a new trial.

The writ of mandamus will issue, as prayed for, unless the district judge renders judgment in keeping with this opinion without the necessity of the writ of mandamus being issued.