James J. KELLY, Appellant,

v.

STATE of Texas, Appellee.

No. 7534.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 29, 1963.

744

Scott Talbert, Talbert, Giessel, Cuthrell & Barnett, Houston, for appellant.

Waggoner Carr, Atty. Gen., Winston P. Crowder, T. B. Wright and Watson C. Arnold, Asst. Atty. Gen., Austin, R. H. Burks, City Atty., Jack D. Mulvihill, Asst. City Atty., Houston, for appellee.

DAVIS, Justice.

A condemnation case. The award of the special commissioners was filed with the Judge of the County Civil Court at Law No. 2 on October 31, 1962. Notice of the award was mailed to condemnees on November 14, 1962, and was received by them on November 16, 1962. Objections to the award was filed with the Judge on November 28, 1962. The condemnees had twenty days after the filing of the award with the Judge to file their objections. Art. 3266, Sec. 6, Vernon's Ann.Tex.Civ.St. A motion to reinstate the proceeding was filed by the condemnees on November 28, 1962, and was overruled on January 31, 1963. A motion in arrest of judgment was filed with the Judge on December 13, 1962, and was overruled on January 31, 1963. The money allowed by the award has been withdrawn by the condemnees and the intervenors.

The award was not filed by the Judge with the Clerk until November 28, 1962. Art. 3266, Sec. 6, should be amended. It should require the Judge to file the award with the Clerk immediately, and then require the Clerk to mail a notice, either registered or certified mail, to the condemnors and/or condemnees, or their attorneys, and should further provide that either party shall have twenty days after the receipt of such notice to file their objections.

James J. Kelly, a condemnee, has attempted to perfect an appeal. He does not present a point of error. He attempts to base a point of error on a rule that has been promulgated by the Harris County Civil Courts, while the condemnation proceedings were still administrative. No objections having been filed with the Judge within twenty days after the award was filed with the Judge, the proceedings were administrative only. In Lemmon v. Giles, Tex.Civ.App., 342 S.W.2d 56, er. dismd., Chief Dixon said: " * * * An eminent domain proceeding does not become a civil case pending in a court until a party to the proceedings has filed $\frac{his}{[their]}$ objections to the Commissioners' award". Pearson v. State of Texas, 159 Tex. 66, 315 S.W.2d 935; Henderson v. Texas Turnpike Authority, Tex.Civ.App., 308 S.W. 2d 199, er. ref.; Hardy v. City of Throckmorton, Tex.Civ.App., 62 S.W.2d 1104, N. W.H. This court is without jurisdiction of the appeal. City of Big Spring v. Garlington, Tex.Civ.App., 88 S.W.2d 1095, N. W.H.

The appeal is dismissed.