NO. 07-01-0209-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JANUARY 17, 2002



______________________________




JOHN MAYTON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT OF RANDALL COUNTY;



NO. 59,198-L; HONORABLE TED WOOD, JUDGE



_______________________________



MEMORANDUM OPINION (1)




Before QUINN and REAVIS and JOHNSON, JJ.


 Proceeding pro se, appellant John Mayton presents six issues challenging a
dismissal order of the County Court At Law of Randall County for his appeal from a
conviction for obscene display and $500 fine in the Justice Court, Precinct One of Randall
County. Based upon the rationale expressed herein, we dismiss for want of jurisdiction.

 The justice of the peace signed the judgment of conviction on February 1, 2001. 
On February 12, appellant filed his "Notice of Appeal and Affidavit of Inability to Pay Costs
of Appeal" in the justice court; however, he did not file his personal appeal bond for
$1,254.50 until February 20, 2001, which was not approved by the justice of the peace until
February 21, 2001. Pursuant to the State's motion to dismiss the appeal because
appellant did not timely file his appeal bond, on May 8, 2001, the trial court dismissed the
cause and remanded it to justice court for execution of sentence. 

 Although not raised by any party, we must notice, even sua sponte, the matter of
our own jurisdiction over the merits of this appeal because jurisdiction is fundamental and
cannot be ignored. State v. Roberts, 940 S.W.2d 655, 657 (Tex.Cr.App. 1996). The
record reflects that the trial court dismissed the appeal because appellant's appeal bond
filed in the Justice of the Peace Court to the County Court At Law of Randall County was
not timely filed. The Texas Code of Criminal Procedure provides in part: 

 (a) When the appeal bond has been filed with the justice or judge who tried
the case not later than the 10th day after the date the judgment was entered,
the appeal in such case shall be held to be perfected.


 (b) If an appeal bond is not timely filed, the appellate court does not have
jurisdiction over the case and shall remand the case to the justice or
municipal court for execution of the sentence.


Tex. Code Crim. Proc. Ann. art. 45.0426 (a) and (b) (Vernon Supp. 2002). (Emphasis
added). Appellant's failure to file his appeal bond within ten days deprived the trial court
of jurisdiction over the case that originated in justice court. If the trial court did not have
jurisdiction, then this Court could not acquire jurisdiction over the merits of the appeal. 
Pearson v. State, 159 Tex. 66, 315 S.W.2d 935, 938 (1958); see also White v. State, 930
S.W.2d 673, 675 (Tex.App.-Waco 1996, no pet.). 

 By his brief, appellant suggests that he relied on the direction of the justice of the
peace in the filing of the bond. However, the justice of the peace had no authority to
amend the time for filing a bond. See Tex. Code Crim. Proc. Ann. art. 44.15 (Vernon
1979). Moreover, appellant is not entitled to any special treatment because he is
proceeding pro se. To the contrary, appellant is held to the same standards as licensed
attorneys and must comply with rules of procedure. Stelbacky v. State, 22 S.W.3d 583,
586 (Tex.App.--Amarillo 2000, no pet.).

 We have not overlooked appellant's concern expressed in the portion of his brief
identifying all parties and counsel regarding Judge Wood's former employment with this
Court. However, appellant did not promptly file a motion to recuse pursuant to Texas Rule
of Appellate Procedure 16.3(a). 

 Accordingly, the appeal is dismissed for want of jurisdiction.

 Per Curiam

Do not publish.
1. Tex. R. App. P. 47.1.