NO. 07-01-0209-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 17, 2002

_____

JOHN MAYTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT OF RANDALL COUNTY;

NO. 59,198-L; HONORABLE TED WOOD, JUDGE

_____

**MEMORANDUM OPINION**[1]

Before QUINN and REAVIS and JOHNSON, JJ.

Proceeding *pro se*, appellant John Mayton presents six issues challenging a dismissal order of the County Court At Law of Randall County for his appeal from a

_____

[1]Tex. R. App. P. 47.1.

conviction for obscene display and $500 fine in the Justice Court, Precinct One of Randall County. Based upon the rationale expressed herein, we dismiss for want of jurisdiction.

The justice of the peace signed the judgment of conviction on February 1, 2001. On February 12, appellant filed his "Notice of Appeal and Affidavit of Inability to Pay Costs of Appeal" in the justice court; however, he did not file his personal appeal bond for $1,254.50 until February 20, 2001, which was not approved by the justice of the peace until February 21, 2001. Pursuant to the State's motion to dismiss the appeal because appellant did not timely file his appeal bond, on May 8, 2001, the trial court dismissed the cause and remanded it to justice court for execution of sentence.

Although not raised by any party, we must notice, even *sua sponte*, the matter of our own jurisdiction over the merits of this appeal because jurisdiction is fundamental and cannot be ignored. State v. Roberts, 940 S.W.2d 655, 657 (Tex.Cr.App. 1996). The record reflects that the trial court dismissed the appeal because appellant's appeal bond filed in the Justice of the Peace Court to the County Court At Law of Randall County was not timely filed. The Texas Code of Criminal Procedure provides in part:

> (a) When the appeal bond has been filed with the justice or judge who tried the case not later than the 10th day after the date the judgment was entered, the appeal in such case shall be held to be perfected.

> (b) If an appeal bond is not timely filed, the appellate court does *not* have jurisdiction over the case and shall remand the case to the justice or municipal court for execution of the sentence.

2

Tex. Code Crim. Proc. Ann. art. 45.0426 (a) and (b) (Vernon Supp. 2002). (Emphasis added). Appellant's failure to file his appeal bond within ten days deprived the trial court of jurisdiction over the case that originated in justice court. If the trial court did not have jurisdiction, then this Court could not acquire jurisdiction over the merits of the appeal. Pearson v. State, 159 Tex. 66, 315 S.W.2d 935, 938 (1958); *see also* White v. State, 930 S.W.2d 673, 675 (Tex.App.–Waco 1996, no pet.).

By his brief, appellant suggests that he relied on the direction of the justice of the peace in the filing of the bond. However, the justice of the peace had no authority to amend the time for filing a bond. *See* Tex. Code Crim. Proc. Ann. art. 44.15 (Vernon 1979). Moreover, appellant is not entitled to any special treatment because he is proceeding *pro se.* To the contrary, appellant is held to the same standards as licensed attorneys and must comply with rules of procedure. Stelbacky v. State, 22 S.W.3d 583, 586 (Tex.App.--Amarillo 2000, no pet.).

We have not overlooked appellant's concern expressed in the portion of his brief identifying all parties and counsel regarding Judge Wood's former employment with this Court. However, appellant did not promptly file a motion to recuse pursuant to Texas Rule of Appellate Procedure 16.3(a).

Accordingly, the appeal is dismissed for want of jurisdiction.

Per Curiam

Do not publish.