**Opinion filed August 16, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00107-CV
_____

### D. ARLON GROVES AS TRUSTEE OF THE
### COURTNEY L. AND LADY A. GROVES TRUSTS ET AL., Appellants

### V.

### WIND ENERGY TRANSMISSION TEXAS, LLC, Appellee

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 24049**

### M E M O R A N D U M   O P I N I O N

This is an appeal from a condemnation award entered by the trial court. Wind Energy Transmission Texas, LLC (WETT) has filed in this court a motion to dismiss this appeal for lack of jurisdiction. Because D. Arlon Groves did not timely file objections to the condemnation award in the trial court, we agree that we lack jurisdiction to consider this appeal.

Chapter 21 of the Texas Property Code governs condemnation proceedings in Texas. *See* TEX. PROP. CODE ANN. ch. 21 (West 2000, 2004, & Supp. 2012). Section 21.018(a) provides:

> A party to a condemnation proceeding may object to the findings of the special commissioners by filing a written statement of the objections and their grounds with the court that has jurisdiction of the proceeding. The statement must

be filed on or before the first Monday following the 20th day after the day the commissioners file their findings with the court.

Once a party files its objections and serves the condemning party with the objections, the trial court acquires jurisdiction and can "hear and determine the issues in the exercise of its judicial powers." *Pearson v. State*, 315 S.W.2d 935, 937 (Tex. 1958); *see also* Section 21.018(b). The special commissioners' award is vacated, and the case proceeds in the trial court as any other civil case would proceed. *City of Tyler v. Beck*, 196 S.W.3d 784, 786 (Tex. 2006) (citing *Denton County v. Brammer*, 361 S.W.2d 198, 200 (Tex. 1962)). If no objections to the condemnation award are timely filed in the trial court, the court does not acquire jurisdiction beyond its ministerial duty to render judgment on the commissioners' award. *Pearson*, 315 S.W.2d at 938. Such a judgment is not appealable. *Id.* "[T]he jurisdiction of the appellate court as to the merits of a case extends no further than that of the court from which the appeal is taken." *Id.*

The special commissioners held a hearing on October 25, 2011. They determined the amount of the condemnation award and filed the award with the trial court clerk on the same day, October 25. However, the clerk did not send notice of the award until November 1, 2011. The Supreme Court of Texas has held that the time to file objections to a condemnation award is tolled until the clerk sends notice of the award. *John v. State*, 826 S.W.2d 138, 139 (Tex. 1992). Thus, the time for Groves to file his objections to the award began to run on November 1, and they were due on November 28, the Monday after twenty days from November 1. *See* Sections 21.018(a), 21.049. WETT argues that no objections have been filed.

Groves argues that he never received the notice that the trial clerk sent and that, therefore, his time to file objections has not begun to run. However, the Supreme Court did not calculate the time to file objections based on when the landowner received the notice but, instead, on when the clerk actually sent the notice. *John*, 826 S.W.2d at 141. Section 21.049 provides: "Not later than the next working day after the day the decision is filed, the clerk shall send notice of the decision by certified or registered United States mail, return receipt requested, to the parties in the proceeding, or to their attorneys of record, at their addresses of record." The statute does not require the party to be served with notice; it only requires that the clerk send the notice. *See* Section 21.049.

Groves concedes that he received actual notice of the condemnation award on December 28, 2011, when counsel for Wind Energy sent him a courtesy copy, but contends that

actual notice does not cure defective service. Neither in Section 21.018 nor Section 21.049 does the legislature require that a landowner be served with notice of the condemnation award. In contrast, Section 21.016 does require that notice of the condemnation hearing must be served on a party no later than the 11th day before the day set for the hearing.[1] If the legislature had intended for the notice of the award to be served, it could have included the same or similar language as it did in Section 21.016 when it required notice of the hearing to be served. However, the legislature did not include language requiring service and, in fact, specifically set the time to file objections to run from the date the commissioners filed the award in the trial court. *See* Sections 21.018, 21.049. The Supreme Court found that the clerk's duty to send notice was mandatory and, thus, tolled the time to file objections until the clerk fulfilled that duty. *John*, 826 S.W.2d at 140–41. The Supreme Court did not hold that the clerk was required to serve the landowner with notice. *Id.* Therefore, Groves was not required to be served with notice of the award.

Following the Supreme Court's holding that the time to file objections is tolled until the clerk sends notice, the time to file objections here began to run when the clerk sent notice on November 1, making the objections due on November 28. Furthermore, even if we were to calculate the time for Groves to file his objections beginning on the day he received actual notice, December 28, the objections would have been due on January 23, 2012.

In the alternative, Groves argues that we should treat his special appearance that he filed on November 7, 2011, as objections to the condemnation award. In his special appearance, Groves asserted that the trial court did not have jurisdiction over the case because he was not named in the correct capacity in the petition to condemn and, thus, the proper landowners were not before the commissioners or the trial court in the condemnation proceedings. However, he did not attack the actual award in his special appearance. Instead, he claimed that he, individually, had "no personal interest in the real property" and that neither trust named in the suit held "any interest of any kind in the subject property." Therefore, we do not agree with Groves that his special appearance was a timely filed objection to the award.

---

[1]Section 21.016 was amended in 2011 to require service not later than the twentieth day before the hearing rather than the eleventh day; however, the amendment is only applicable to a condemnation proceeding in which the petition was filed on or after the effective date, September 1, 2011. TEX. PROP. CODE ANN. § 21.016 historical note (West Supp. 2012) [Act effective Sept. 1, 2011, 82nd Leg., R.S., ch. 81, §§ 12, 24, 2011 Tex. Sess. Law Serv. 354, 359, 363 (West)]. We note that WETT filed the petition on August 31, 2011; Groves was served with notice of the hearing on October 13; and the hearing was held on October 25, twelve days after Groves received notice.

We have reviewed the record to determine if any other document filed by Groves could be found to be an objection to the condemnation award. On January 30, 2012, Groves filed a document entitled "Defendants' Request for Ruling on Special Appearance and Response to Wind Energy Transmission Texas, LLC's Motion for Entry of Final Judgment." In this document, Groves argued that he was not served with notice of the condemnation proceeding until after the special commissioners were appointed and, thus, was not afforded an opportunity to participate in the selection of the commissioners. He also again argued that the trial court lacked jurisdiction because the proper landowners were not named in the petition to condemn. In addition, he asserted that his due process rights were violated because the clerk failed to send notice of the award the day after the commissioners filed the award in the trial court and because he never received the notice sent by the clerk. If we construe the arguments in the January 30 filing as objections to the condemnation award, the objections were still not filed until seven days after even the January 23 due date: the due date calculated from December 28, the day Groves conceded he received actual notice of the award. The objections were sixty-three days late from the November 28 due date: the due date calculated from November 1, the date the clerk sent the notice of the award. Therefore, Groves did not timely file objections to the award in the trial court. The trial court did not have jurisdiction over the case beyond its ministerial duty to enter judgment on the commissioners' award. Because the trial court lacked jurisdiction, we also lack jurisdiction. *See Pearson*, 315 S.W.2d at 938. The trial court's judgment adopting the award of the special commissioners is not appealable. *See id.*

We grant appellee's motion to dismiss, and we dismiss this appeal for want of jurisdiction.

PER CURIAM

August 16, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

4