**Dismissed and Memorandum Opinion filed March 21, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00383-CV

---

### DARREL MAHON, Appellant

### V.

### ALBERT TRAVIS SPAULDING, Appellee

---

**On Appeal from the County Court at Law
Burnet County, Texas
Trial Court Cause No. C5127**

---

## M E M O R A N D U M    O P I N I O N

Appellant Darrel Eugene Mahon sued appellee Albert Travis Spaulding in the Justice Court for Precinct 3 of Burnet County, Texas, Cause No. 316-021SC. On July 10, 2017, the Honorable Peggy L. Simon rendered a post-answer default judgment in Mahon's favor in the amount of $5,000.00 plus court costs of $341.00. Spaulding filed a Motion for New Trial and Motion to Set Aside Post-Answer Default Judgment, which the justice court denied on July 27, 2017.

On October 17, 2017, Spaulding filed a document styled as "Appeal Bond" in the justice court. Thereafter, the county court at law heard the appeal of the case by trial de novo. *See* TEX. R. CIV. P. 506.3. On April 5, 2018, the county court at law rendered judgment that Mahon take nothing by his claims.

In the proceeding before us, Mahon attempts to appeal from the April 5, 2018, judgment of the county court at law; however, as Mahon points out in his appellate brief, an appeal from a justice court in a small-claims case such as this must be perfected "within 21 days after the judgment is signed or the motion to reinstate, motion to set aside, or motion for new trial, if any, is denied." TEX. R. CIV. P. 506.1(a). An appeal from the judgment of a justice court is perfected by (a) filing an appeal bond supported by a surety or sureties approved by the judge, (b) filing a cash deposit in lieu of bond, or (c) filing a statement of inability to afford payment of court costs. *See* TEX. R. CIV. P. 506.1(a), (g). If the justice court's judgment is not timely appealed, the county court at law is without jurisdiction to hear the appeal. *See Searcy v. Sagullo*, 915 S.W.2d 595, 597 (Tex. App.—Houston [14th Dist.] 1996, no writ).

The record shows that Spaulding's Motion for New Trial and Motion to Set Aside Post-Answer Default Judgment was denied on July 27, 2017, and he did not attempt to appeal the justice court's judgment until October 17, 2017, more than 80 days later. The county court at law therefore lacked jurisdiction over the attempted appeal.[1]

A judgment or order by a court without the power or jurisdiction to render it is void. *See Lee v. Lee*, 528 S.W.3d 201, 208 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (citing *Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 431

---

[1] Because the "Appeal Bond" was untimely filed, we do not consider whether it would have satisfied the requirements for perfecting a small-claims appeal from the justice court.

2

(Tex. 1986) (orig. proceeding)). We lack jurisdiction to review the merits of a void order. *See Jefferson v. Unity Nat'l Bank*, No. 14-14-00197-CV, 2015 WL 1779254, at *2 (Tex. App.—Houston [14th Dist.] Apr. 16, 2015, no pet.) (mem. op.) (citing *Waite v. Waite*, 150 S.W.3d 797, 800 (Tex. App.–Houston [14th Dist.] 2004, pet. denied)).

We notified the parties on February 25, 2019, that we would declare void the April 5, 2018, judgment of the county court at law and dismiss this appeal for want of jurisdiction unless, within ten days of the date of this notice, a response was filed demonstrating grounds for continuing the appeal. *See* TEX. R. APP. P. 42.3(a). No response was filed.

We accordingly declare the county court at law's judgment of April 5, 2018, void for want of jurisdiction. Because the void judgment has no effect, the judgment signed by the justice court on July 10, 2017, in Mahon's favor remains in effect.

An appellate court's jurisdiction "as to the merits of a case extends no further than that of the court from which the appeal is taken." *Pearson v. State*, 159 Tex. 66, 71, 315 S.W.2d 935, 938 (1958). Because the county court at law lacked jurisdiction to consider the merits of the case, so too do we. Thus, we dismiss the appeal for want of jurisdiction.


PER CURIAM


Panel consists of Justices Christopher, Hassan , and Poissant.