**Opinion issued March 7, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00198-CV

———————————

**PORT FREEPORT, Appellant**

**V.**

**HENRY JONES, LOTTIE JONES SANDERS, DEMETRIA JONES, ANGIE NICOLE CLARK JOHNSON, JANICE CATLEY, KIRK JOHNSON, LONNIE JONES, GABRIEL JONES, RACHEL R. THOMAS, TIMOTHY JONES, PENDLETON JOHNSON, ROOSEVELT JOHNSON, SR., ARNOLD JOHNSON, ELSIE HIGGINS CAMPBELL, BRUCE EDWARD HIGGINS, WILLIAM A. BROWN, RODERICK L. BROWN, REGINALD A. BROWN, ALPHONSE JOHNSON, SR., JOHN HENRY JOHNSON, JOYCE WILLIAMS, AND MARVELOUS JOHNSON, Appellees**

**On Appeal from the County Court at Law No. 3**
**Brazoria County, Texas**
**Trial Court Case No. CI62105**

## MEMORANDUM OPINION

Port Freeport appeals the denial of its motion to strike that was effectively a plea to the jurisdiction in this eminent domain proceeding. The Port contends the owners of the land in question, Lucille Marshall's heirs, did not file a valid objection to the special commissioners' findings determining the value of the land, so the trial court lacked jurisdiction to hear the cause. Because we conclude the agent of one of the heirs filed a valid objection, we affirm the trial court's order denying the Port's motion to strike.

## BACKGROUND

Port Freeport sought to acquire a few tracts of land in the city of Freeport to expand its facilities. The tracts had once been owned by Lucille Marshall, and her heirs now share ownership of the tracts. One of Lucille Marshall's heirs is Henry Jones, who signed a durable power of attorney in favor of his daughter, Pamela Tilley. Unable to agree with the heirs on a purchase price for the tracts, the Port filed a petition to condemn the land in December of 2020. The trial court appointed special commissioners to determine the value of the land, and they conducted a hearing in which Tilley participated on behalf of her father. The special commissioners then issued their findings that the tracts were worth $28,000 and awarded that amount as damages to the heirs. Tilley filed a written objection to the special commissioners'

findings objecting to the amount of damages awarded. Tilley signed the objection as "HEIR and family representative."

The Port moved the trial court to strike Tilley's objection and to enter judgment adopting the special commissioners' award because, as a nonparty, Tilley had no standing to object and because, without a valid objection, the trial court lacked jurisdiction to do anything but perform the ministerial duty of adopting the special commissioners' findings. The trial court denied the Port's motion to strike, and the Port now appeals this interlocutory order.

**DISCUSSION**

*Eminent Domain*

The United States Constitution prohibits governmental taking of private property without just compensation. U.S. CONST. amend. V. The process by which a governmental unit in Texas may exercise its eminent domain authority to acquire private property is governed by Chapter 21 of the Texas Property Code. TEX. PROP. CODE §§ 21.001–.103. A governmental unit must make a bona fide offer to buy the property, and if the governmental unit and the property owner cannot agree on the value of the property, the governmental unit may file a petition in the proper court and begin a condemnation proceeding. *Id.* §§ 21.0113, 21.012. The trial court then appoints three special commissioners to conduct a hearing and make specific findings, namely, the amount of damages to be awarded to the property owner. *Id.*

§ 21.014. Either party may appeal the special commissioners' findings. *Id.* § 21.018. The Property Code provides:

> (a) A party to a condemnation proceeding may object to the findings of the special commissioners by filing a written statement of the objections and their grounds with the court that has jurisdiction of the proceeding. The statement must be filed on or before the first Monday following the 20th day after the day the commissioners file their findings with the court.

> (b) If a party files an objection to the findings of the special commissioners, the court shall cite the adverse party and try the case in the same manner as other civil causes.

*Id.* Thus, the condemnation proceeding has two phases. *In re Lazy W Dist. No. 1*, 493 S.W.3d 538, 542 (Tex. 2016). The first phase involving the special commissioners is administrative. *Id.* "It is essentially an official, compulsory mediation of the value dispute with the goal of avoiding a trial." *Id.* During the administrative phase, the trial court "lack[s] jurisdiction to interfere with proceedings pending before the commissioners." *Id.* The second phase is judicial and is initiated when a party files a "proper objection" to the special commissioners' findings. *Id.* at 542–43. The objection invests the trial court with subject-matter jurisdiction over the case. *Collin County v. Hixon Fam. P'ship, Ltd.*, 365 S.W.3d 860, 866 (Tex. App.—Dallas 2012, pet. denied). The trial court then has jurisdiction to hear the case as in any other case. *In re Lazy W Dist. No. 1*, 493 S.W.3d at 543.

Without a timely objection to the special commissioners' findings, the trial court lacks jurisdiction to do anything but enter a judgment adopting the special

4

commissioners' findings. *Pearson v. State*, 315 S.W.2d 935, 938 (Tex. 1958). The trial court has a "ministerial duty" to enter a judgment conforming to the special commissioners' award. *Oak Lawn Apartments, Ltd. v. State*, 584 S.W.3d 11, 15 (Tex. App.—Fort Worth 2018, pet. denied).

*Standard of Review*

As discussed more fully below, this appeal is based on the denial of a plea to the jurisdiction. We review a trial court's ruling on a plea to the jurisdiction de novo because the question of whether a court has subject-matter jurisdiction is a matter of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When a plea to the jurisdiction challenges the pleadings, we construe the pleadings liberally in favor of the pleader and determine whether the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.* When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties. *Id.* at 227. If the evidence creates a fact question regarding the jurisdictional issue, then the fact issue must be resolved by the factfinder. *Id.* at 227–28. If the evidence is undisputed or fails to raise a fact question, then the plea to the jurisdiction may be decided as a matter of law. *Id.*

A. **Appellate Jurisdiction**

The heirs argue we must dismiss this appeal because the Port did not appeal from a final judgment or from an appealable interlocutory order; instead, the Port

5

has improperly tried to appeal the denial of its motion to strike. The heirs have also filed a motion to dismiss this appeal for lack of jurisdiction based on the same reasoning. *See* TEX. R. APP. P. 42.3. The Port argues in response that its motion to strike Tilley's objections and enter judgment functioned as a plea to the jurisdiction because the Port argued in the motion that the trial court lacked jurisdiction to do anything other than enter a judgment adopting the special commissioners' award.

### 1.    *Applicable law*

Appeals may only be taken from final judgments or from certain types of interlocutory orders. TEX. CIV. PRAC. & REM. CODE § 51.014; *Thomas v. Long*, 207 S.W.3d 334, 338 (Tex. 2006). An order granting or denying a plea to the jurisdiction by a governmental unit is an appealable interlocutory order. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8). A plea to the jurisdiction does not refer to a "particular procedural vehicle" but rather to the "substance of the issue raised." *City of Magnolia 4A Econ. Dev. Corp. v. Smedley*, 533 S.W.3d 297, 299 (Tex. 2017) (per curiam); *see also* TEX. R. CIV. P. 71 ("When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated."); *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011) (per curiam) (in construing pleadings, we should "acknowledge the substance of the relief sought despite the formal styling of the pleading"); *Thomas*, 207 S.W.3d at 339–40 (construing summary-judgment motion

6

that challenged jurisdiction as plea to jurisdiction and concluding appellate court had jurisdiction over appeal under Section 51.014(a)(8)); *City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 & n.1 (Tex. App.—Austin 2014, no pet.) (treating Rule 91a motion to dismiss as plea to jurisdiction).

### 2.    *Analysis*

The Port filed a "Motion to Strike Objections to the Award and for Entry of Judgment in the Absence of Objections." In the motion, the Port argued Tilley's objection should be stricken because she was not a party to the condemnation proceeding and had no authority to represent Lucille Marshall's heirs. Because no other objections had been filed, the Port argued in its motion that the trial court "only ha[d] jurisdiction to perform its ministerial duty of entering judgment on the award of commissioners in this proceeding." Thus, the Port argued the trial court did not have jurisdiction to try the case. Looking at the substance of the issue raised in the Port's motion, *see Smedley*, 533 S.W.3d at 299, we conclude the motion functioned as a plea to the jurisdiction. The trial court's order denying the Port's plea to the jurisdiction was an appealable interlocutory order over which we have appellate jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8). Accordingly, we deny the heirs' motion to dismiss the appeal for lack of jurisdiction.

**B.    Objection by Nonparty**

The Port argues that Tilley could not raise a valid objection to the special commissioners' award because she was not a party to the condemnation proceeding. The heirs acknowledge that Tilley was not a party to the proceeding, but they argue instead that, because Jones had signed a durable power of attorney in favor of Tilley, she was authorized to participate in legal proceedings on his behalf. We agree with the heirs.

*1.    Applicable law*

The Property Code allows a "party to a condemnation proceeding" to object to the special commissioners' findings by filing a written objection with the court that has jurisdiction over the proceeding. TEX. PROP. CODE § 21.018(a). After a party files an objection, the court must cite all adverse parties and try the case like any other civil case. *Id.* § 21.018(b).

A durable power of attorney is a "writing or other record that designates another person as agent and grants authority to that agent to act in place of the principal." TEX. EST. CODE § 751.0021(a); *see also id.* § 751.002(4). Generally, an act performed by an agent under a durable power of attorney has the same effect as if the principal had performed the act. *Id.* § 751.051. This includes participating in legal proceedings and asserting claims before a court or administrative agency on

8

behalf of the principal. *Id.* § 752.110. When acting for the principal, the agent has a duty to disclose his or her status as an agent and identify the principal. *Id.* § 752.051.

### 2. *Analysis*

The Port and the heirs do not dispute that Jones had signed an effective durable power of attorney in favor of Tilley. Rather, they dispute whether Tilley was acting on behalf of Jones when she objected to the special commissioners' findings. If she was acting on behalf of Jones, then her objection was as effective as if Jones himself had objected. *See id.* § 751.051. If she was not acting on behalf of Jones, then the objection was not valid because she was not a party to the condemnation proceeding. *See* TEX. PROP. CODE § 21.018(a) (authorizing only "a party to a condemnation proceeding" to raise objection).

Tilley indicated in the objection that she was acting on behalf of Jones and others, thereby satisfying her duty to disclose her status as Jones's agent. The objection stated that Lucille Marshall's heirs, "as represented by heirs Pamela Tilley and Ava Waddell," objected to the special commissioners' findings on certain grounds and that they, "the defendants and representatives," were asking the court to vacate the special commissioners' award. The objection was signed:

Pamela Tilley
HEIR and family representative

The objection indicates that Tilley was acting on behalf of herself and other members of the family, which included Jones. While directly identifying Jones by name and

9

using the word "agent" would have further reduced confusion, the objection made clear Tilley was acting on behalf of others, including her father.

The record supports our conclusion that Tilley sufficiently identified herself as Jones's agent. Not only does the objection describe Tilley as a representative of the family, including Jones, the special commissioners' findings stated:

> Defendants, its agents, and/or attorneys appeared as follows:
> Pamela Jones Tilley - Power of Attorney for Henry Jerry Jones

Tilley had already appeared in the condemnation proceeding and clearly identified herself as Jones's agent before she made the objection on Jones's behalf, and she identified herself as a representative in the objection. Tilley was acting on behalf of Jones when she objected to the special commissioners' findings, and her objection was as effective as if Jones himself had objected. Tilley raised a valid objection to the special commissioners' findings. We overrule the Port's first issue.

## C.      Trial Court's Jurisdiction

In its third issue, the Port contends that, without a timely and properly filed objection, the trial court lacks jurisdiction to hear the case and do anything besides enter judgment adopting the special commissioners' findings. The Port argues that no party to the proceeding filed an objection to the special commissioners' findings.

The Port relies on Section 21.061 of the Property Code:

> If no party in a condemnation proceeding files timely objections to the findings of the special commissioners, the judge of the court that has jurisdiction of the proceeding shall adopt the commissioners'

10

findings as the judgment of the court, record the judgment in the minutes of the court, and issue the process necessary to enforce the judgment.

*Id.* § 21.061. The Port correctly argues that if no party files an objection, then the trial court does not have jurisdiction to do "anything more than accept and adopt the [special commissioners'] award as its judgment." *Pearson*, 315 S.W.2d at 938. Adopting the award is simply a "ministerial duty" that the trial court must perform. *Oak Lawn Apartments*, 584 S.W.3d at 15.

While the Port correctly cites the law on this matter, we have already concluded that there was a timely and properly filed objection in the condemnation proceeding. The objection therefore invested the trial court with jurisdiction to hear the case as a civil cause. *Hixon Fam. P'ship*, 365 S.W.3d at 866. The Port's argument that the trial court lacks jurisdiction because there was not a valid objection must fail. We overrule the Port's third issue.

**D.    Tilley's Authority to Represent Others**

Finally, the Port argues that Tilley had no authority to represent family members other than her father. Because she is not an attorney, the Port argues, Tilley may only represent herself in court and her father under the durable power of attorney. To represent other family members would constitute the unauthorized

11

practice of law, the Port argues.[1] In response, the heirs argue that the Rules of Civil Procedure do not apply to the administrative phase of a condemnation proceeding, so the prohibition against non-lawyers litigating in a representative capacity does not apply here.

We need not decide this issue because whether Tilley could or did represent other family members in her objection is unnecessary to the disposition of this appeal. *See* TEX. R. APP. P. 47.1 (written opinion of appellate court need not address issues unnecessary to final disposition of appeal). Even if we were to sustain the Port's issue, that ruling would not affect the disposition of this appeal because we have already concluded that Tilley filed a valid objection on her father's behalf, which invested the trial court with jurisdiction over the civil cause. Only one objection is necessary to invoke the trial court's jurisdiction over the entire case. *See City of Houston v. Huber*, 311 S.W.2d 488, 491 (Tex. App.—Houston 1958, no writ) (if any one defendant objects to special commissioners' award, objection confers jurisdiction on trial court and inures to benefit of all defendants because trial court

---

[1] *See Kaminetzky v. Newman*, No. 01-10-01113-CV, 2011 WL 6938536, at *2 (Tex. App.—Houston [1st Dist.] Dec. 29, 2011, no pet.) (mem. op.) (person may represent himself pro se but may not litigate rights of others in representative capacity); *see also* TEX. R. CIV. P. 7 ("Any party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court."); TEX. GOV'T CODE § 81.102 ("[A] person may not practice law in this state unless the person is a member of the state bar."); TEX. GOV'T CODE § 81.101 (defining "practice of law" as "the preparation of a pleading or other document incident to an action or special proceeding . . . on behalf of a client").

could not dispose of case without exercising jurisdiction over entire controversy and all parties). Because there was one valid objection and only one valid objection was necessary to invoke the trial court's jurisdiction, we do not need to decide whether Tilley could or did invoke the trial court's jurisdiction on behalf of her other family members in the administrative phase of the condemnation proceeding. We thus decline to rule on the Port's second issue. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

We deny the heirs' motion to dismiss this appeal for lack of jurisdiction. We affirm the trial court's denial of the Port's motion to strike that was effectively a plea to the jurisdiction.

Gordon Goodman
Justice

Panel consists of Justices Goodman, Hightower, and Guerra.