Randy WHITE, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–96–026–CR.

Court of Appeals of Texas, Waco.

July 25, 1996.

---

Bill Glaspy, Bill Glaspy, PC, Mesquite, for appellant.

Joe F. Grubbs, County & District Attorney, Jill A. Durbin, Assistant County & District Attorney, Waxahachie, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

DAVIS, Chief Justice.

Randy White attempts to appeal from the court's order awarding portions of a 1990 Chevrolet pickup truck to the State. TEX. CODE CRIM. PROC. ANN. art. 47.01a (Vernon Supp.1996). Because White failed to comply with the clear statutory provisions regarding appeal of such an order, we lack jurisdiction and must dismiss this cause. *Id.* art. 47.12(c).

### BACKGROUND

White purchased a used pickup truck from Texas Custom Truck Sales in Lancaster, Texas on October 27, 1994. In April 1995 while driving the pickup he was stopped by a Department of Public Safety Trooper for a seat belt violation. During the temporary detention, the Trooper noticed that the Vehicle Identification Number was not on the truck in several places where it should be located. He seized the pickup for further investigation. Ultimately, the State concluded that several major component parts of the truck could not be traced to a legitimate source and sought to have possession of those parts awarded to it. After a hearing on May 30, an Ellis County Justice of the

Peace awarded possession of the cab and all the interior, front clip, hood, bed, and passenger door to the State. The court released the remainder of the vehicle to White.

The day after the hearing, White filed an appeal bond in the amount of $10,000 with the Justice of the Peace to perfect an appeal to the county court. That court held a hearing on White's appeal on August 28, but did not immediately render a judgment. Rather, the court announced its ruling, dividing the truck as did the Justice of the Peace, by a letter dated September 22, and directed the State's attorney to draft an order reflecting its ruling. The judge specifically instructed the State to deliver a copy of the proposed judgment to White's attorney for his review before it was submitted to the court. The court signed the judgment on October 11, 1995.

In response to the court's ruling, White filed several post-judgment motions. On October 19, he filed a request for findings of fact and conclusions of law and he filed a motion for a new trial on November 8. On November 9, he filed a notice of past due findings of fact and conclusions of law. Finally, on December 27, he deposited $1,000 into the registry of the court to serve as a deposit in lieu of a cost bond for this appeal.

### NATURE OF THIS APPEAL

 We first pause to determine the nature of this cause—is it a civil appeal or a criminal appeal? In 1995, the Austin Court of Appeals reaffirmed that a proceeding to restore property after a criminal trial is a civil case, consistent with over twenty years of case law. *Id.* art. 47.02; *Four B's Inc. v. State*, 902 S.W.2d 683, 684 (Tex.App.—Austin 1995, writ denied) (citing *Bretz v. State*, 508 S.W.2d 97 (Tex.Crim.App.1974); *Nelms v. State*, 761 S.W.2d 578 (Tex.App.—Fort Worth 1988, no writ); *Williams v. State*, 562 S.W.2d 889 (Tex.Civ.App.—El Paso 1978, writ dism'd)). However, also in 1995, the legislature added language to article 47.01a, the statute which provides for a hearing to dispose of seized property in the absence of a pending criminal action, establishing that "[j]urisdiction under [article 47.01a(a)] is based solely on jurisdiction as a criminal magistrate under this code and not jurisdiction as a civil court." TEX.CODE CRIM. PROC. ANN. art. 47.01a(a) (added by Act of May 12, 1995, 74th Leg., R.S., ch. 184, § 3, 1995 Tex. Gen. Laws 1912, 1913). By providing that the trial court may only exercise criminal jurisdiction in such a proceeding, we believe that the legislature has established that an action under article 47.01a is a criminal case. *See id.* Thus, just as the trial court is exercising criminal jurisdiction, this cause is before us as a criminal appeal and we must apply the substantive law as announced by the Court of Criminal Appeals. *See Dallas County Appraisal v. Funds Recovery*, 887 S.W.2d 465, 468 (Tex.App.—Dallas 1994, writ denied) ("Appellate court jurisdiction of the merits of a case extends no further than that of the court from which the appeal is taken."). However, although we apply substantive criminal law, we are statutorily required to apply the procedural rules applicable to a civil appeal. TEX.CODE CRIM. PROC. ANN. art. 47.12(a).

### JURISDICTION

 We are obligated to ensure that we have jurisdiction over an appeal regardless of whether a party challenges our authority. *State v. Morse*, 903 S.W.2d 100, 102 (Tex. App.—El Paso 1995, no pet.); *Welch v. McDougal*, 876 S.W.2d 218, 220 (Tex.App.—Amarillo 1994, writ denied). Proper and timely perfection of an appeal are jurisdictional prerequisites to our review of a trial court's judgment. *Welch*, 876 S.W.2d at 221; *El Paso Sharky's v. Amparan*, 831 S.W.2d 3, 5 (Tex.App.—El Paso 1992, writ denied). Thus, we must determine, first, what is required to perfect an appeal from an order under article 47.01a and, second, if White has complied with those requirements.

#### THE LAW

 The right to appeal from the court's disposition of property under article 47.01a is provided in article 47.12:

Art. 47.12. Appeal

(a) Appeals from a hearing in a district court, county court, or statutory county court under Article 47.01a of this code shall be heard by a court of appeals. The

appeal is governed by the applicable rules of procedure for appeals of civil cases to a court of appeals.

(b) Appeals from a hearing in a municipal court or justice court under Article 47.01a of this code shall be heard by a county court or statutory county court. The appeal is governed by the applicable rules of procedure for appeals for civil cases in justice courts to a county court or statutory county court.

(c) Only an interested person who appears at a hearing under this article may appeal, and such person must give an oral notice of appeal at the conclusion of the hearing and must post an appeal bond by the end of the next business day, exclusive of Saturdays, Sundays, and legal holidays.

(d) The court may require an appeal bond, in an amount determined appropriate by the court, but not to exceed twice the value of the property. The bond shall be made payable to the party who was awarded possession at the hearing, with sufficient sureties approved by the court, and conditioned that appellant will prosecute his appeal to conclusion.

TEX.CODE CRIM. PROC. ANN. art. 47.12. Although subsection (a) directs us to apply the rules of procedure for civil appeals generally, subsection (c) sets out specific procedures for perfecting an appeal. Thus, we must interpret and apply those specific provisions over the *in pari materia* general perfection provisions contained in the Rules of Appellate Procedure. TEX. GOV'T CODE ANN. § 311.026

(Vernon 1988); TEX.R.APP. P. 40(a)(1), 41(a)(1); *Huynh v. State,* 901 S.W.2d 480, 483 (Tex.Crim.App.1995); see generally *State v. Thompson,* 912 S.W.2d 244, 248–49 (Tex. App.—Houston [14th Dist.] 1995), *reversed,* Nos. 1227-95, 1228-95, 1996 WL 221617, —— S.W.2d —— (Tex.Crim.App. April 24, 1996).[1]

■ Our ultimate purpose when construing and applying a statute is to effectuate the legislature's intent. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). We must focus on the text of the statute to determine the "fair, objective meaning" of the language because it is the only definitive evidence of what the legislators intended when the statute was passed. *Id.* If the statute is clear and unambiguous, we may not add or subtract from its literal meaning. *Id.* However, if the application of the statute's plain language would lead to an absurd result, *i.e.* a result the legislature could not have possibly intended, we may examine extratextual sources to determine what the legislature did intend when it enacted the statute. *Id.* at 785–86.

■ Here, the legislature has mandated by the plain language of the statute that an appeal from the court's order disposing of property must be perfected, at the latest, within one day of the hearing. TEX.CODE CRIM. PROC. ANN. art. 47.12(c). Although we may believe that such a requirement is not fair, feasible, or practical, we may not substitute our judgment for that of the legislature and read the requirement out of the law when it is so plainly provided.[2] *Boykin,* 818

1. Presumably reversed because the intermediate court's ruling conflicted with the Court of Criminal Appeals' holding in *State v. Mancuso,* 919 S.W.2d 86 (Tex.Crim.App.1996).

2. We recognize that we are not authorized to consider extratextual sources when the language is plain unless the result is so absurd that the legislature could not have possibly intended it. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim. App.1991). Because the plain result here is so severe, we have examined the available legislative history to attempt to determine if the legislature could have intended those results. According to a House Research Organization bill analysis, the supporters of the bill which enacted the language in article 47.12 argued that:

[The bill] would establish specific appeals procedures governing seizure hearings that would

facilitate the rapid return of the property to its owner. Current law lacks any express provision for appeals and no time limits for finalizing a seizure decision. In the meantime, the law enforcement agency or court retains the victim's property. The appeals procedure created by [the bill] would guarantee quick and efficient case processing.

HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS SB 590, 73rd Leg., R.S., page 3 (May 20, 1993). According to the same report, the opponents of the bill argued that it "should limit the amount of time in which parties could appeal a seizure hearing decision." *Id.* Thus, we conclude that the legislature intended to limit the time frame in which an appeal from an order under article 47.01a could be perfected and chose to limit it severely, as reflected by the plain language of article 47.12(c). TEX.CODE CRIM. PROC. ANN. art. 47.12(c) (Vernon Supp.1996).

S.W.2d at 785–86. Therefore, we conclude that, under the plain language of the statute, a person wishing to appeal from the ruling of a trial court under article 47.01a must give notice of appeal at the conclusion of the hearing. TEX.CODE CRIM. PROC. ANN. art. 47.12(c). Additionally, he must post an appeal bond, if one is required by the court under subsection (d), by the end of the next business day, exclusive of Saturdays, Sundays, and legal holidays. *Id.* art. 47.12(c), (d).[3]

### WHITE'S COMPLIANCE

White filed a $10,000 "appeal bond" after the Justice of the Peace ruled against him. The bond was filed with the County Court on July 27 and is included within the transcript presented to us. There is no indication that it has been voided or withdrawn. Thus, we conclude that White timely complied with the second requirement of article 47.12(c). *Id.*; TEX.R.APP. P. 41(c). However, there is no indication that White ever gave notice of appeal in the County Court. He did deposit $1,000 in cash into the registry of the court, which would be sufficient to perfect his appeal under the general rules governing civil appeals. TEX.R.APP. P. 40(a)(1). However, he deposited the money on December 27, ninety-six days after the court announced its ruling on September 22 and seventy-seven days after the court signed the judgment on October 11. Although we would construe his deposit as a bona fide attempt to perfect his appeal, we cannot excuse his failure to act timely at this point in the proceeding. *Linwood v. NCNB Texas,* 885 S.W.2d 102, 103 (Tex.1994); *Ballard v. Portnoy,* 886 S.W.2d 445, 446–47 (Tex.App.—Houston [1st Dist.] 1994, no writ); *Ludwig v. Enserch Corp.,* 845 S.W.2d 338, 339–40 (Tex.App.—Houston [1st Dist.] 1992, no writ). Thus, under the specific provisions governing an appeal from the court's order in this cause, his failure to give notice of appeal appropriately is fatal to his

appeal. *Welch,* 876 S.W.2d at 220; *El Paso Sharky's,* 831 S.W.2d at 5.

### WHITE'S CONTENTIONS

■ We notified the parties at oral argument that we had concerns about our jurisdiction over this appeal and requested that they submit supplemental briefs on the issue. TEX.R.APP. P. 83. White presents three arguments in his post-submission brief: first, that the bond posted with the Justice of the Peace applies to this proceeding as well; second, that it was impossible for him to give notice of appeal "in open court" because the judge did not rule immediately, but ruled by letter later; and third, that subsection (c) of article 47.12 only applies to proceedings under 47.02. We have accepted his contention that the bond posted in the justice court applies to this proceeding. We reject his second contention because the statute does not require that the notice of appeal be given in "open court", but requires that it be given at the "conclusion of the hearing." TEX.CODE CRIM. PROC. ANN. art. 47.12(c). We believe that the hearing does not conclude until the court's ruling is both announced and received. Thus, regardless of when the court rules, White had the opportunity to give notice upon receipt of that ruling. Finally, there is nothing to indicate that the legislature intended subsection (c) to apply only to hearings connected with a criminal proceeding and we can not read the limitation into the statute. *Boykin,* 818 S.W.2d at 785–86. Thus, we reject his third contention.

### *CONCLUSION*

Consistent with the plain language of the statute, we hold that White was required to perfect his appeal by giving notice of appeal on the day that he received notice of the court's ruling. The record does not show that he timely perfected his appeal. Although we notified him of the defect in the

---

**3.** We believe that this deadline may not be as harsh as it appears. First, we believe that the hearing does not "conclude" until the ruling is announced and received. Thus, White had until the day he received the letter from the court announcing its ruling to give his notice of appeal. Second, a person seeking to appeal from such an order can take advantage of the extension of time

provisions contained in the Rules of Appellate Procedure. TEX.R.APP. P. 41(a)(2). Thus, White had sixteen days in which to perfect his appeal from the court's ruling, rather than just the one day provided for in the statute, presuming he followed the proper procedural steps outlined in the Rules of Appellate Procedure. *Id.*

record, he has failed to demonstrate that he did, in fact, give timely notice of appeal. Therefore, we conclude that White did not timely perfect his appeal and dismiss this appeal for want of jurisdiction.