**Jimmy PHILLIPS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–00–01080–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 23, 2002.

Henry William Johnson, Terrence A. Gaiser, Houston, for Appellant.

Virginia Isabel Hermosa, Asst. Dist. Atty., Austin, for Appellee.

Panel consists of Justices HEDGES, JENNINGS, and WILSON.*

## OPINION

PER CURIAM.

Appellant, Jimmy Phillips, appeals the judgment of the county court awarding two trucks seized from him to the State of Texas pursuant to article 47.01a of the Texas Code of Criminal Procedure and section 501.158 of the Texas Transportation Code. In his sole point of error, Phillips claims the county court never acquired appellate jurisdiction after a ruling from the justice court awarding him possession of the trucks; therefore, the judgment of the county court is void and should be vacated and dismissed. We dismiss for want of jurisdiction.

## Background

The Justice Court, Precinct Four, Place One of Walker County, held a hearing to determine the rightful owner of the trucks, which had altered vehicle identification numbers, and ordered the trucks to be

returned to Phillips. After the State appealed, the county court orally reversed the judgment of the justice court on April 3, 2000 and signed its written judgment on April 11, 2000 awarding the trucks to the State. Phillips filed a notice of appeal on May 30, 2000.

## Jurisdiction

■ Although the jurisdiction of this court to hear the appeal is not challenged by the parties, we are obligated to determine, sua sponte, our jurisdiction to hear the appeal. *New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 678 (Tex. 1990).

An appeal from a county court's ruling disposing of stolen property "shall be heard" by a court of appeals, and the appeal is governed by the rules of procedure for appeals for civil cases to a court of appeals. TEX.CODE CRIM. PROC. art. 47.12(b) (Vernon Supp.2002). Article 47.12(c) further provides:

Only an interested person who appears at a hearing under this article may appeal, and such person must give an *oral notice of appeal at the conclusion of the hearing* and must post an appeal bond by the end of the next business day, exclusive of Saturdays, Sundays, and legal holidays.

*Id.* at 47.12(c) (Vernon Supp.2002) (emphasis added).

■ Although subsection (b) of article 47.12 directs the court to apply the rules of procedure for civil appeals to a court of appeals generally, subsection (c) sets out specific procedures for perfecting an appeal under article 47.01a.[1] Thus, we must interpret and apply those specific provi-

---

\* Justice Davie L. Wilson, who retired on March 31, 2002, continues to sit by assignment for the disposition of this case, which was submitted on January 8, 2002.

1. Article 47.01 provides for a hearing to dispose of seized property to determine the right to possession of the property in the absence of a pending criminal action.

sions over the general perfection provisions contained in the Rules of Appellate Procedure. TEX. GOV'T CODE ANN. § 311.026 (Vernon 1988); *White v. State,* 930 S.W.2d 673, 676 (Tex.App.-Waco 1996, no writ).

Under the plain language of the statute, a person wishing to appeal from the ruling of a trial court under article 47.01(a) must give oral notice of appeal at the conclusion of the hearing. TEX.CODE CRIM. PROC. art. 47.12(c); *White,* 930 S.W.2d at 677. The statute does not require the notice of appeal be given in "open court," but rather at the "conclusion of the hearing." *White,* 930 S.W.2d at 677. As noted by the court in *White:*

> Although we may believe that such a requirement is not fair, feasible, or practical, we may not substitute our judgment for that of the legislature and read the requirement out of the law when it is so plainly provided.

*Id.* at 676.

Phillips was required to give oral notice of appeal at the conclusion of the hearing and post an appeal bond by the end of the next day. TEX.CODE CRIM. PROC. art. 47.12(c). At the conclusion of the hearing, on April 3, 2000, the county court announced its ruling. Thus, Phillips was required to give oral notice of appeal at the conclusion of the hearing. The record does not show that Phillips timely perfected his appeal, nor does Phillips argue or present evidence he gave timely notice of appeal on the day he received the ruling. Therefore, we conclude that Phillips did not timely perfect his appeal to this Court.

We dismiss this appeal for want of jurisdiction.