Opinion issued May 23, 2002
















In The

Court of Appeals

For The

First District of Texas






NO. 01-00-01080-CV

____________


JIMMY PHILLIPS, Appellant


V.


STATE OF TEXAS, Appellee






On Appeal from the County Court at Law

Walker County, Texas

Trial Court Cause No. 4807






O P I N I O N

 Appellant, Jimmy Phillips, appeals the judgment of the county court awarding
two trucks seized from him to the State of Texas pursuant to article 47.01a of the Texas
Code of Criminal Procedure and section 501.158 of the Texas Transportation Code. 
In his sole point of error, Phillips claims the county court never acquired appellate
jurisdiction after a ruling from the justice court awarding him possession of the trucks;
therefore, the judgment of the county court is void and should be vacated and
dismissed. We dismiss for want of jurisdiction.

Background

 The Justice Court, Precinct Four, Place One of Walker County, held a hearing 
to determine the rightful owner of the trucks, which had altered vehicle identification
numbers, and ordered the trucks to be returned to Phillips. After the State appealed,
the county court orally reversed the judgment of the justice court on April 3, 2000 and
signed its written judgment on April 11, 2000 awarding the trucks to the State. Phillips
filed a notice of appeal on May 30, 2000.

Jurisdiction

 Although the jurisdiction of this court to hear the appeal is not challenged by the
parties, we are obligated to determine, sua sponte, our jurisdiction to hear the appeal. 
New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990). 

 An appeal from a county court's ruling disposing of stolen property "shall be
heard" by a court of appeals, and the appeal is governed by the rules of procedure for
appeals for civil cases to a court of appeals. Tex. Code Crim. Proc. art. 47.12(b)
(Vernon Supp. 2002). Article 47.12(c) further provides: 

 Only an interested person who appears at a hearing under this article may
appeal, and such person must give an oral notice of appeal at the
conclusion of the hearing and must post an appeal bond by the end of the
next business day, exclusive of Saturdays, Sundays, and legal holidays.


Id. at 47.12(c) (Vernon Supp. 2002) (emphasis added).

 Although subsection (b) of article 47.12 directs the court to apply the rules of
procedure for civil appeals to a court of appeals generally, subsection (c) sets out
specific procedures for perfecting an appeal under article 47.01a. (1) Thus, we must
interpret and apply those specific provisions over the general perfection provisions
contained in the Rules of Appellate Procedure. Tex. Gov't Code Ann. § 311.026
(Vernon 1988); White v. State, 930 S.W.2d 673, 676 (Tex. App.--Waco 1996, no writ).

 Under the plain language of the statute, a person wishing to appeal from the
ruling of a trial court under article 47.01(a) must give oral notice of appeal at the
conclusion of the hearing. Tex. Code Crim. Proc. art. 47.12(c); White, 930 S.W.2d
at 677. The statute does not require the notice of appeal be given in "open court," but
rather at the "conclusion of the hearing." White, 930 S.W.2d at 677. As noted by the
court in White:

 Although we may believe that such a requirement is not fair, feasible, or
practical, we may not substitute our judgment for that of the legislature
and read the requirement out of the law when it is so plainly provided. 

Id. at 676. 


 Phillips was required to give oral notice of appeal at the conclusion of the
hearing and post an appeal bond by the end of the next day. Tex. Code Crim. Proc.
art. 47.12(c). At the conclusion of the hearing, on April 3, 2000, the county court
announced its ruling. Thus, Phillips was required to give oral notice of appeal at the
conclusion of the hearing. The record does not show that Phillips timely perfected his
appeal, nor does Phillips argue or present evidence he gave timely notice of appeal on
the day he received the ruling. Therefore, we conclude that Phillips did not timely
perfect his appeal to this Court. 

 We dismiss this appeal for want of jurisdiction.

PER CURIAM


Panel consists of Justices Hedges, Jennings, and Wilson. (2)

Publish. Tex. R. App. P. 47.4. 
1. Article 47.01 provides for a hearing to dispose of seized property to determine
the right to possession of the property in the absence of a pending criminal
action. 
2. Justice Davie L. Wilson, who retired on March 31, 2002, continues to sit by
assignment for the disposition of this case, which was submitted on January 8,
2002.