**Opinion filed November 30, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00173-CV

_____

## STATE OF TEXAS, Appellant

## V.

## BLUE 1966 FORD MUSTANG VIN #6R07A105961
## (Stacey McGrew), Appellee

**On Appeal from the Count Court at Law No. 2**

**Taylor County, Texas**

**Trial Court Cause No. 4922**

## M E M O R A N D U M   O P I N I O N

This is a civil forfeiture action brought under the TEX. CODE CRIM. PROC. ANN. ch.47 (Vernon 2006 & Supp. 2010). The justice court found that the Blue 1966 Ford Mustang VIN #6R07A105961 was stolen and determined that Francine Yuro had a superior right of possession than Stacey McGrew. McGrew appealed to the county court for a trial de novo. TEX. R. CIV. P. 574b. The county court then granted Stacey McGrew's motion for summary judgment finding that McGrew was the only person to present a claim to the vehicle and that his claim was a valid prima facie claim. The State of Texas appealed pursuant to Article 47.12. We dismiss.

McGrew argues that, because no oral notice of appeal was given as required by Article 47.12( c), the State has failed to timely perfect an appeal. The State contends that this court has jurisdiction because it timely filed a written notice of appeal.

Article 47.12 provides that only "an interested person who appears at a hearing under this article may appeal, and such person must give an oral notice of appeal at the conclusion of the hearing" as well as follow the applicable Texas Rules of Appellate Procedure. The oral notice of appeal is required to invoke the jurisdiction of this court. *Phillips v. State*, 77 S.W.3d 465, 467 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *White v. State*, 930 S.W.2d 673, 675-76 (Tex. App.—Waco 1996, no pet.). The record does not reflect that the State gave the required oral notice of appeal, and the State does not argue that it gave one.

The State relies on its written notice of appeal and on the fact that it is appealing from the granting of a motion for summary judgment. The State contends that the requirement of an oral notice of appeal applies only when the trial court holds a hearing on the merits. We disagree.

Article 47.12 clearly applies to appeals from proceedings brought under Chapter 47. McGrew filed a motion for summary judgment on the grounds that there was no evidence that the vehicle was acquired by theft and requested that the trial court not only grant the motion but also order the vehicle restored to him. This is the relief the trial court granted. The trial court disposed of the merits of the case in its judgment. To hold that Article 47.12 does not apply to the facts of this case would violate the legislature's intent concerning appeals from civil forfeiture proceedings.

Absent an oral notice of appeal in compliance with Article 47.12, the jurisdiction of this court is not invoked. The appeal is dismissed for want of jurisdiction. In reaching its decision, the court only considered evidence properly included in the record.

PER CURIAM

November 30, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.