Opinion filed November 30,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00173-CV

                                                    __________

 

                                     STATE
OF TEXAS, Appellant

 

                                                             V.

 

                  BLUE
1966 FORD MUSTANG VIN #6R07A105961 

                                         
(Stacey McGrew), Appellee



 

                              On
Appeal from the Count Court at Law No. 2

 

                                                            Taylor
County, Texas

 

                                                       Trial
Court Cause No. 4922

 



 

                                            M
E M O R A N D U M    O P I N I O N

            This
is a civil forfeiture action brought under the Tex. Code Crim. Proc. Ann. ch.47 (Vernon 2006 & Supp.
2010).  The justice court found that the Blue 1966 Ford Mustang VIN
#6R07A105961 was stolen and determined that Francine Yuro had a superior right of
possession than Stacey McGrew.  McGrew appealed to the county court for a trial
de novo.  Tex. R. Civ. P. 574b. 
The county court then granted Stacey McGrew’s motion for summary judgment
finding that McGrew was the only person to present a claim to the vehicle and
that his claim was a valid prima facie claim.  The State of Texas appealed
pursuant to Article 47.12.  We dismiss.

            McGrew
argues that, because no oral notice of appeal was given as required by Article 47.12(
c), the State has failed to timely perfect an appeal.  The State contends that
this court has jurisdiction because it timely filed a written notice of appeal.

            Article
47.12 provides that only “an interested person who appears at a hearing under
this article may appeal, and such person must give an oral notice of appeal at
the conclusion of the hearing” as well as follow the applicable Texas Rules of
Appellate Procedure.   The oral notice of appeal is required to invoke the
jurisdiction of this court.  Phillips v. State, 77 S.W.3d 465, 467 (Tex.
App.—Houston [1st Dist.] 2002, no pet.); White v. State, 930 S.W.2d 673,
675-76 (Tex. App.—Waco 1996, no pet.). The record does not reflect that the
State gave the required oral notice of appeal, and the State does not argue
that it gave one.  

The
State relies on its written notice of appeal and on the fact that it is
appealing from the granting of a motion for summary judgment.  The State
contends that the requirement of an oral notice of appeal applies only when the
trial court holds a hearing on the merits. We disagree.

            Article
47.12 clearly applies to appeals from proceedings brought under Chapter 47. 
McGrew filed a motion for summary judgment on the grounds that there was no
evidence that the vehicle was acquired by theft and requested that the trial
court not only grant the motion but also order the vehicle restored to him.  This
is the relief the trial court granted.  The trial court disposed of the merits
of the case in its judgment.  To hold that Article 47.12 does not apply to the
facts of this case would violate the legislature’s intent concerning appeals
from civil forfeiture proceedings.

            Absent
an oral notice of appeal in compliance with Article 47.12, the jurisdiction of
this court is not invoked.  The appeal is dismissed for want of jurisdiction. 
In reaching its decision, the court only considered evidence properly included
in the record.  

 

 

                                                                                    PER
CURIAM

 

November 30,
2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.