Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## MEMORANDUM OPINION

No. 04-11-00603-CR

Bernard Troy **WALKER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2008CR11182
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:   Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed:  August 22, 2012

AFFIRMED

On May 18, 2011, appellant Bernard Troy Walker entered a plea of guilty to the offense of murder.  Walker subsequently filed a motion for return of property, seeking to recover $2,000.00 found in the vehicle Walker was driving the night of the murder.  The trial court denied the motion and this appeal ensued.  On appeal, Walker contends the trial court erred in denying his motion.  We affirm the trial court's judgment.

## BACKGROUND

Based on the stipulated facts attached to Walker's plea agreement, the facts of the night in question are as follows.[1] On September 13, 2008, Walker arranged to meet Isaac Vela to sell marijuana to Vela. According to witnesses at the scene, Vela entered Walker's vehicle. After several minutes, Walker shot Vela multiple times. Walker was arrested for the murder, his vehicle was impounded, and a search warrant was obtained to collect evidence from the vehicle. During the search of the vehicle, officers found $2,000.00 (one hundred twenty dollar bills) between the front seats. Walker claims this money was his and because the State did not file an Article 59 forfeiture proceeding, he was entitled to return of the money. *See* TEX. CODE CRIM. PROC. ANN. art. 59 (West Supp. 2011). The State, on the other hand, contends Walker failed to prove he had a greater right of possession and the facts equally support a finding that the money was brought to the scene of the crime by the deceased.

## ANALYSIS

Walker contends the trial court erred in denying his motion seeking the return of the money. The State counters that Walker did not properly perfect his appeal, and in the alternative, Walker failed to prove either direct ownership of the money or that he had a superior right of possession to the money.

### *Notice of Appeal*

The State asserts Walker failed to give notice of appeal as required by article 47.01 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 47.01a(a) (West 2006). Under the plain language of the statute, a person wishing to appeal from the ruling of a trial court under article 47.01(a) must give oral notice of appeal at the conclusion of the hearing, or at the

---

[1] During the hearing before the trial court, no additional evidence was offered. The attorneys presented argument and relied on the stipulated facts contained within the trial court's file.

latest within one day of the hearing.  TEX. CODE CRIM. PROC. art. 47.12(c) (West 2006); *White v. State*, 930 S.W.2d 673, 677 (Tex. App.—Waco 1996, no writ).  The statute does not require the notice of appeal be given in "open court," but rather at the "conclusion of the hearing."  *White*, 930 S.W.2d at 677.

In the present case, after the trial court announced it would not release the money in question to Walker, his attorney stated, "So then I'll — so I guess we'll give our notice of appeal and I'll get a transcript and we will go forward."  Texas courts have never required magic words or phrases to be used to preserve a defendant's rights, and we decline to do so here.  *See Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009); *Bennett v. State*, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997) (liberally construing Texas Rules of Appellate Procedure to protect party's right to appeal).  Accordingly, we find the statement by Walker's counsel was sufficient to preserve his rights under article 47.12(c).

### *Texas Code of Criminal Procedure Article 47.01a*

Article 47.01a of the Texas Code of Criminal Procedure provides that if a criminal action relating to allegedly stolen property is not pending, the trial court "may hold a hearing to determine the right to possession of the property[.]"  TEX. CODE CRIM. PROC. ANN. art. 47.01a(a) (West 2006).  Under the statute, the court may "order the property delivered to whoever has the superior right to possession, without conditions[.]"  *Id.* art. 47.01a(a)(1).  Because the Texas Code of Criminal Procedure does not define "superior right to possession," these words must be given their common meaning.  *See id.* art. 3.01 (West 2005).  Both the State and Walker claimed superior right of possession to the money.

Because the parties agree on the facts of this case, we must conduct a de novo review and decide whether the trial court properly applied the law to the facts. *See Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (explaining that appellate courts review mixed questions of law and fact de novo when no evaluations of credibility and demeanor are involved). Although a review of the application of the law to the facts is a de novo review, "[w]hen the trial court fails to file findings of fact, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record." *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000) (citing *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000)). If, however, the trial court's ruling is correct under any theory of law applicable to the case, it must be upheld. *See Estrada*, 154 S.W.3d at 607.

Although Walker was not present at the hearing, the trial court specifically allowed Walker's counsel to assert Walker's ownership rights to the property in his absence. Therefore, arguments of counsel, regarding the evidence, consisted of several theories. Walker's attorney argued Walker had the money in his vehicle before the murder and the money had no relationship to the murder. In support of this argument, counsel argued the agreed arrangement was for Walker to supply thirty pounds of marijuana in exchange for a black bag containing $9,000.00. Because neither $9,000.00 nor a black bag was found in the vehicle, Walker's attorney argued the $2,000.00 could not have belonged to the victim. The State, on the other hand, argued the victim brought the money into Walker's vehicle to purchase drugs from Walker. The State substantiated its argument with witness statements.

The trial court, however, seemed to focus on the undisputed fact that Walker and the victim were both in the vehicle to engage in criminal activity. Article 47.01a(b) specifically provides that upon a showing that probable cause exists to believe the property was acquired by some manner "that makes its acquisition an offense[,]" the property shall be returned to the governmental agency for official purposes. TEX. CODE CRIM. PROC. ANN. art. 47.01a(b)(1); *see also Estrada*, 154 S.W.3d at 607 (trial court ruling upheld if correct under any theory of law applicable to the case).

The evidence is undisputed that the parties met to complete a drug transaction, a criminal offense. Accordingly, the property is properly returned to the State by virtue of article 47.01a(b). Moreover, there is ample evidence the victim brought the money into Walker's vehicle for the purpose of purchasing drugs. The reports specifically provide that no money was found on the victim. Therefore, the trial court could have found the State had a "superior right of possession" under article 47.01a(a). Because both theories of law are applicable to the case, we cannot say the trial court erred in denying Walker's motion. Accordingly, we affirm the trial court's judgment.

Marialyn Barnard, Justice

DO NOT PUBLISH