

# NUMBER 13-11-00771-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ONE (1) 2007 GMC YUKON
VIN 1GKFC13047R304753,                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                       **Appellee.**

### On appeal from the County Court at Law No. 1
### of Hidalgo County, Texas.

# OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Opinion by Justice Rodriguez

Interested parties, Santiago Zuniga and Marco Pulido d/b/a No Credit Auto Sales, perfected an appeal from the county-court-at-law's judgment awarding possession of one 2007 GMC Yukon, VIN 1GKFC13047R304753, to the Hidalgo County High Intensity Drug Trafficking Administration (HIDTA) Task Force, to be used for official purposes.  *See*

TEX. CODE CRIM. PROC. ANN. art. 47.01a (West 2006). By two issues, Zuniga and Pulido contend that: (1) the evidence is insufficient to show the Yukon was subject to disposition under article 47 of the code of criminal procedure; and (2) if article 47 applies, the property should have been given to Zuniga or No Credit Auto Sales, not to the State. We dismiss for lack of jurisdiction.

## I. BACKGROUND

No Credit Auto Sales, a used car dealership, purchased the subject vehicle, which had been "totaled" in a collision. Allstate Insurance Company sold the Yukon to No Credit Auto Sales through an online auction under a salvage title issued by the State of Tennessee. No Credit Auto Sales paid for the vehicle, arranged for its delivery, repaired the damage, and put the vehicle up for sale. Wanting to upgrade his vehicle, Zuniga, an employee of No Credit Auto Sales, traded his Chevy Tahoe for the Yukon.[1] In order to turn the Yukon's salvage title into a "clean" title, Zuniga attempted to "wash" the title.[2]

Investigator Rodolfo Rodriguez, an agent with the HIDTA Task Force, testified that a number of titles with Hidalgo County addresses had been registered in Bexar County, one of which was the title to the Yukon in this case. In the process of transferring the Yukon's title, Bexar County reviewed and rejected the title application paperwork, put a

---

[1] The Assignment of Certificate by Registered Owner, admitted as Defendants' Exhibit 3, shows that Allstate Insurance transferred the Yukon to No Credit Auto Sales, which in turn assigned it to Santiago and Blanca Zuniga. Blanca is not a party to this appeal.

[2] As applied to the facts of this case, HIDTA Investigator Rodolfo Rodriguez described "title washing" as follows:

> [W]here initially if you have a salvage vehicle and you purchase it under a salvage title and you have somebody else register the vehicle using fraudulent—a dealership using a fraudulent trade-in and fraudulent sales on it, what they paid for the vehicle, and in return when the title does come in through the State of Texas, it comes in as a clean title instead of a salvage title.

stop to the transfer of title, and forwarded it to Hidalgo County for investigation.[3] According to Investigator Rodriguez, it was learned through the Hidalgo County investigation that much of the information submitted with the request to register the Yukon's title—including the identity of the salesman, the name of the car lot where the sale supposedly occurred, the trade-in given, the sales price, and the existence of a prior title from Montana—was false. *See* TEX. TRANSP. CODE ANN. § 501.155(a)(1) & (5) (West Supp. 2011) (providing that a person commits an offense if, among other things, "the person knowingly provides false or incorrect information . . . on . . . an application for a certificate of title . . . or . . . any other document required by the department or necessary to the transfer of ownership of a motor vehicle"); *id.* § 501.155(b) (West 2007) ("An offense under this section is a felony of the third degree."). Zuniga, himself, agreed that he had not paid sales tax for the purchase of the Yukon "because [he] had not registered it yet," and "[he] never got a title." The State seized the Yukon based on "reliable and credible information that . . . [the] vehicle was registered utilizing false information and forged documents."

Because no criminal action was pending, the State filed a petition in the justice court requesting a property disposition hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 47.01a(a). In its petition, the State identified Zuniga as a "reasonable[] party likely to have an interest in the [Yukon]." It named neither Pulido nor No Credit Auto Sales as an interested party. The justice court heard the matter and, on June 29, 2011, found in

---

[3] Investigator Rodriguez testified that the fraud division of the Hidalgo County Tax Assessor's Office and the HIDTA Task Force, which investigates narcotics cases, financial (i.e., money laundering) cases, and cases involving drug trafficking organizations, initiated a joint investigation of the Yukon because the tax assessor's office "did not have the manpower to investigate the case."

3

favor of the State, ordering that (1) the rightful owner or possessor of the Yukon is the "Hidalgo County District Attorney's Office HIDTA Task Force," (2) the property be delivered to that party, and (3) a title be issued in the name of the "Hidalgo County HIDTA." On July 28, 2011, No Credit Auto Sales remitted a $10,000 cashier's check to the Hidalgo County Clerk. On July 29, 2011, the county clerk acknowledged Zuniga and Pulido d/b/a No Credit Auto Sales' appeal to the county court at law.

On September 7, 2011, with both interested parties present, the county court at law heard the appeal and took the matter under advisement. *See* TEX. R. CIV. P. 574b (providing that matters appealed to county court are tried de novo). On September 13, 2011, finding that probable cause existed to believe the Yukon was acquired by theft or another manner that made its acquisition an offense and that the identity of the actual owner could not be determined, the county court at law signed a final judgment awarding the Yukon to the Hidalgo County HIDTA Task Force. *See* TEX. CODE CRIM. PROC. ANN. art. 47.01a(b)(1).

In response to the county court's ruling, Zuniga and Pulido filed post-judgment motions. On September 15, 2011, they filed a request for findings of fact and conclusions of law and, on October 6, 2011, a notice of past due findings and conclusions. They filed a motion for new trial on October 13, 2011, which the county court heard on November 30, 2011. Zuniga and Pulido filed their notice of appeal to this Court on December 12, 2011. *See id.* at art. 47.12(a) (West 2006). On December 13, 2011, the trial court entered its findings of fact and conclusions of law, and on December 16, 2011, it denied the motion for new trial.

## II.     APPLICABLE LAW

Article 47.01a of the Texas Code of Criminal Procedure, titled "Restoration when no trial is pending," provides the following, in relevant part:

> (a)     If a criminal action relating to allegedly stolen property is not pending a . . . statutory county court judge . . . having jurisdiction . . . may hold a hearing to determine the right to possession of the property, upon the petition of . . . the state. . . .    The court shall:
>
>> (1)     order the property delivered to whoever has the superior right to possession, without conditions;
>
>> . . . .
>
> (b)     If it is shown in a hearing that probable cause exists to believe that the property was acquired by theft or by another manner that make its acquisition an offense and that the identity of the actual owner of the property cannot be determined, the court shall order the peace officer to:
>
>> (1)     deliver the property to a government agency for official purposes;
>
>> . . . .
>
> (c)     At a hearing under Subsection (a) of this article, any interested person may present evidence showing that the property was not acquired by theft or another offense or that the person is entitled to possess the property. . . .

*See id.* at art. 47.01a.

Relevant to our jurisdiction to hear this appeal, which we must determine sua sponte if necessary, *see M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam), article 47.12 provides the following:

> (a)     Appeals from a hearing in a district court, county court, or statutory county court under article 47.01a of this code shall be heard by a court of appeals.   The appeal is governed by the applicable rules of procedure for appeals of civil cases to a court of appeals.

5

. . . .

    (c)      Only an interested person who appears at a hearing under this article may appeal, and such person must give oral notice of appeal at the conclusion of the hearing and must post an appeal bond by the end of the next business day.

TEX. CODE CRIM. PROC. ANN. art. 47.12 (West 2006).   Importantly,

> [a]lthough subsection (a) of article 47.12 directs the court to apply the rules of procedure for civil appeals to a court of appeals generally, subsection (c) sets out specific procedures for perfecting an appeal under article 47.01a. Thus, we must interpret and apply those specific provisions over the general perfection provisions contained in the [r]ules of [a]ppellate [p]rocedure.   TEX. GOV'T CODE ANN. § 311.026 (Vernon 1988); *White v. State*, 930 S.W.2d 673, 676 (Tex. App.—Waco 1996, no writ).

> Under the plain language of the statute, a person wishing to appeal from the ruling of a trial court under article 47.01(a) must give oral notice of appeal at the conclusion of the hearing.   TEX. CODE CRIM. PROC. art. 47.12(c); *White*, 930 S.W.2d at 677.   The statute does not require the notice of appeal be given in "open court," but rather at the "conclusion of the hearing."   *White*, 930 S.W.2d at 677.

*Phillips v. State*, 77 S.W.3d 465, 466–67 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (per curiam); *see id.* (concluding that Phillips, who did not give oral notice of appeal at the conclusion of the hearing where the county court announced its ruling, did not timely perfect his appeal); *Walker v. State*, No. 04-11-00603-CR, 2012 Tex. App. LEXIS 6932, at *3–4 (Tex. App.—San Antonio Aug. 22, 2012, pet. dism'd) (mem. op., not designated for publication) (finding that the statement by Walker's counsel after the trial court announced it would not release the money to Walker, "So then I'll—so I guess we'll give our notice of appeal and I'll get a transcript and we will go forward," was sufficient to preserve his rights under article 47.12(c)); *State v. Blue 1966 Ford Mustang*, No. 11-10-00173-CV, 2010 Tex. App. LEXIS 9450, at *1–3 (Tex. App.—Eastland Nov. 30, 2010, no pet.) (per curiam) (mem. op.) (concluding that because no oral notice of appeal

6

was given at the summary-judgment hearing as required by article 47.12(c), the State failed to timely perfect an appeal and refusing to hold that the requirement of an oral notice of appeal applies only when the trial court holds a hearing on the merits); *but see Allstate Ins. Co. v. Troy's Foreign Auto Parts*, No. 05-00-01239-CV, 2001 Tex. App. LEXIS 5029, at *8 (Tex. App.—Dallas July 26, 2001, pet. denied) (determining that it had jurisdiction to reach the merits of the appeal because it had concluded that the county court had jurisdiction and because Troy's did not contend that Allstate failed to perform the prerequisites of the appeal). The Waco Court of Appeals further construed article 47.12(c) to mean "that the hearing does not conclude until the ruling is announced and received." *White*, 930 S.W.2d at 677; *see* TEX. CODE CRIM. PROC. art. 47.12(c).

We are also guided by the following legislative history for article 47.12, as examined by the *White* Court:

> According to a House Research Organization bill analysis, the supporters of the bill which enacted the language in article 47.12 argued that: [The bill] would establish specific appeals procedures governing seizure hearings that would facilitate the rapid return of the property to its owner. Current law lacks any express provision for appeals and no time limits for finalizing a seizure decision. In the meantime, the law enforcement agency or court retains the victim's property. The appeals procedure created by [the bill] would guarantee quick and efficient case processing. HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS SB 590, 73rd Leg., R.S., page 3 (May 20, 1993). According to the same report, the opponents of the bill argued that it "should limit the amount of time in which parties could appeal a seizure hearing decision." *Id.* Thus, we conclude that the legislature intended to limit the time frame in which an appeal from an order under article 47.01a could be perfected and chose to limit it severely, as reflected by the plain language of article 47.12(c). TEX. CODE CRIM. PROC. ANN. art. 47.12(c) (Vernon Supp. 1996).

*White*, 930 S.W.2d at 676 n.2. Finally, we note that the rule does not allow for post-judgment filings. *See* TEX. CODE CRIM. PROC. ANN. art. 47.12(c); *see also White*,

7

930 S.W.2d at 675.

### III. JURISDICTION

Assuming without deciding that the $10,000 remitted by No Credit Auto Sales to the county clerk applies to this proceeding as well to the appeal from the justice court to the county court at law and that Pulido d/b/a No Credit Auto Sales, thus, timely complied with the second requirement of article 47.12(c), we find nothing in the record to show that Zuniga and Pulido satisfied the first requirement of the statute, which is to give timely notice of appeal. *See* TEX. CODE CRIM. PROC. art. 47.12(c). At the conclusion of the September 7, 2011 hearing, the county court at law took the matter under advisement. The court signed its final judgment on September 13, 2011. Pursuant to article 47.12(c), Zuniga and Pulido were required to give notice of appeal at the conclusion of the hearing or, in this case, on the day they received the ruling. *See id.*; *White*, 930 S.W.2d at 677. It is apparent from the record that the parties received the judgment shortly thereafter because two days following the September 13, 2011 ruling, these interested parties filed a post-judgment request for findings of fact and conclusions of law. Zuniga and Pulido also filed a motion for new trial on October 13, 2011. However, they did not give their notice of appeal until December 12, 2011.

Zuniga and Pulido direct us to no evidence that supports a conclusion that this appeal was timely perfected, as required by article 47.12(c). *See* TEX. CODE CRIM. PROC. art. 47.12(c)*; White*, 930 S.W.2d at 677. So while we agree with the Waco Court of Appeals that the result is severe, we must conclude that neither Zuniga nor Pulido d/b/a No Credit Auto Sales timely perfected an appeal to this Court. *See White*, 930 S.W.2d at 676 n.2. We do not have jurisdiction to hear this appeal.

8

## IV. Conclusion

We dismiss this appeal for lack of jurisdiction.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
13th day of June, 2013.

9